Davis *et al. vs.* Davis.

---

HENRY H. DAVIS *et al.*, plaintiffs in error, *vs.* BENJAMIN DAVIS, executor *de son tort*, defendant in error.

Complainants, as heirs-at-law, cannot maintain a bill against defendant, as an executor *de son tort*, for property conveyed to him by their ancestor during life, the deed being alleged to have been procured through fraud; *aliter*, if they were creditors, and there was no administration.

Administrators and executors. Debtor and creditor. Before Judge KIDDOO. Randolph Superior Court. May Term, 1875.

Reported in the decision.

H. & I. L. FIELDER, for plaintiffs in error.

B. S. WORRILL, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant as executor *de son tort* of Mary Davis, deceased, alleging that the said Mary died intestate, entitled to certain personal estate in money, of the value of $1,600 00, which was in the hands of the defendant at the time of her death, either as a loan or deposit; that no administration has been had on her estate, and that the defendant, without legal warrant or authority, has possession of said estate in money, and claims the same as his own right and property, and refuses to pay the same to complainants, who are the heirs and distributees of said Mary Davis, deceased, but has wrongfully appropriated and converted the same to his own use; wherefore the complainants pray that the defendant may account for said estate in his hands, and be decreed to pay the same to them.

On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the complainants, for the sum of $1,953 75. The defendant made a motion for a new trial on the several grounds therein set forth, which was granted by the court, and the complainants excepted.

It appears from the evidence in the record, that in June, 1859, the deceased, Mary Davis, who was the mother of the defendant, executed and delivered to him a deed in consideration of natural love and affection, by which she gave unto him the money arising from a certain described judgment, and two notes therein mentioned, which is the money now sued for, and that the defendant claimed the money as his own property under that deed. The complainants attacked that deed on the ground that it was fraudulently procured by the defendant from his mother. The evidence in relation to this point in the case was conflicting. Mary Davis, the mother of defendant and maker of the deed of gift, died in June, 1871, twelve years after the making thereof, and the main question in the case is, whether the defendant was liable

Davis *et al. vs.* Davis.

to be sued for the money in his hands, by the complainants, as an executor *de son tort*.  The 2441st section of the Code, declares that "If any person, without authority of law, wrongfully meddles with, or converts to his own use, the personalty of a deceased individual, whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs, or legatees of such estate, for double the value of the property so possessed or converted by him; nor shall such executor be allowed to set-off any debt due to him by the deceased, or voluntarily paid by him out of the assets." It is quite apparent from the evidence in the record, that the defendant did not convert the money claimed by the complainants to his own use, after the death of Mary Davis.  If he *wrongfully* converted it to his own use at all, that conversion took place, as against the rights of Mary Davis, twelve years before her death, and if the defendant acquired no title to the property, she could have sued for it in her lifetime, or her administrator would have been the proper person to have sued for it after her death for the benefit of her heirs, and creditors, if any.

If Mary Davis, the decedent, had conveyed the property to the defendant to defraud her creditors, they could have reached it in his hands during her life, and also might have reached it in his hands after her death, by suing him as executor *de son tort*, as was held in the case of *Clayton vs. Tucker*, 20 *Georgia Reports*, 464, provided there was no administration on her estate.  But the complainants are not creditors seeking to set aside a fraudulent conveyance made by the deceased to the defendant for the purpose of defrauding them, but they are the heirs of the deceased, seeking to recover money from the defendant as an executor *de son tort*, which they allege he wrongfully converted to his own use as against the rights of the deceased, Mary Davis, through whom they claim, twelve years *before her death*.  In other words, they allege that the defendant became indebted to Mary Davis $1,600 00 for money which he wrongfully appropriated and

converted to his own use twelve years before her death. In our judgment, the defendant was not liable to the complainants as an executor *de son tort* under the provisions of the 2441st section of the Code, on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.