CASE 42—PETITION ORDINARY TRANSFERRED TO EQUITY—
NOVEMBER 12.

# Perry & Minor v. Perry's Executor.

### APPEAL FROM OWEN CIRCUIT COURT.

1. THE PAYMENT OF THE WHOLE DEBT TO ONE OF TWO JOINT PAYEES
of a note extinguishes the rights of both. The obligor is not
bound to hunt up each joint obligee and pay him his distrib-
utive share.

2. WHERE THE SURVIVOR OF TWO JOINT PAYEES OF A NOTE WAS THE
SOLE DEVISEE OF THE DECEASED PAYEE, in a suit by her alone
upon the note, the defendants were not prejudiced by the action
of the court in overruling their special demurrer to the petition
based upon the ground that the personal representative of the
deceased payee should have been made a party-plaintiff, as the
payment of the judgment to plaintiff will extinguish the debt.
And, besides, it must be presumed, after the lapse of five years
from the death of the testator, that there are no unpaid creditors,
there being no suggestion in the record that there are any.

The court is by no means certain that it was error to overrule
the special demurrer, but as the defendants could not, in any
event, have been prejudiced, that question is not decided.

LINDSAY & BOTTS FOR APPELLANTS.

1. The executrix of the will of B. H. Perry, deceased, should have
been a party-plaintiff. The court therefore erred in overruling
the special demurrer to plaintiff's petition. (Civil Code, secs.
18, 21.)

2. The court erred in sustaining the exceptions of appellee to the
deposition of E. R. Perry, the appellee having herself testified
as a witness in her own behalf.

3. The judgment is not sustained by the evidence, for the reason that
there was no proof contradicting the divers witnesses of appel-
lant.

WM. CARROLL FOR APPELLEE.

1. If the court erred in overruling the special demurrer the substan-
tial rights of appellants were not prejudiced thereby, and, there-

fore, there can be no reversal on that account.   (Civil Code, sec. 756.)

2. Greenup Perry's representative was neither a necessary nor a proper party under the old practice, and in fact no joint action could be maintained by Lucy Perry and such representative, because the remedy survived to her alone, as she represented not only herself but the representative of Greenup as his trustee, and was, therefore, the only party in interest.   And that practice has not been changed by the Civil Code.   (Carneal's Heirs v. Day, &c., Litt. Sel. Cases, 495; Civil Code, secs. 18, 21, 402; 2 Statute Laws of Ky., 876; 2 Rev. Stats., 228; Gen. Stats., p. 586; Ky. Stats., secs. 2348, 2349; Maraman v. Trunnell, 3 Met., 146.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In 1884 the appellants executed their joint note to one B. H. Perry for $1,000.   The payee died shortly thereafter, and the appellee and her brother, Green Perry, as his sole devisees, became the owners of this note.

On March 12, 1885, the note was renewed and $500 more money was loaned to the appellants, who executed their joint note to Green and Lucy Perry for the sum of $1,586.65. Green Perry died within a few weeks after this, and the appellee, as his sole devisee, became the owner of the note. Whether or not any one ever qualified as the personal representative of Green Perry does not appear.   Nor does it appear whether there were or not any debts against his estate.

In September, 1890, the appellee brought suit on the note of $1,586.65, setting up the death of her co-payee, and exhibiting his last will and testament as evidence of her sole ownership of the paper. To her petition the appellants filed a general and special demurrer. These were overruled, and by their answer appellants pleaded a payment of $1,000, made to B. H. Perry a few weeks before his death. Upon motion of the appellants the case was transferred to equity, and the chancellor in 1892 rendered a judgment in favor of the appellee.

On the issue of fact raised by the pleadings, we do not doubt the correctness of the chancellor's finding.

The only competent and material proof offered by the appellants on this issue is by the witness, Poland, who testifies that in February, 1885, when he was living in Port Royal in George Grimes' house, he saw E. R. Perry, one of the obligors in the note, pay to B. H. Perry $1,000 on the streets of Port Royal, and that B. H. Perry did not have the note with him, but promised to put the credit thereon when he went to his house, which was some half mile away.

The reputation of Poland is shown to be bad by a number of witnesses, and he is supported by a number of others. His testimony, however, is materially shaken by the statements of Geo. and Chas. Grimes, who prove that Poland lived in the Geo. Grimes house from the fall of 1886 to the spring of 1887, and it was the only time Poland ever lived in Port Royal. B. H. Perry was dead before this. The witness, P. O. Minor, a son of the appellant, Geo. C. Minor, who it is said by mistake renewed the old note for too much by $1,000, testifies that he took up the old note, which ought to have had the credit of $1,000 on it, and delivered it to his father. This was in 1885, and yet no effort seems to have been made to correct this mistake until some five years after the transaction and after this suit was brought. If the appellants are right in their contention their negligence has made it impossible to grant them any relief.

It is urged, however, that the appellee, who was one of the payees of the note, and the sole owner of it under the will of her co-payee, cannot maintain the action in her own right, and this presents an interesting legal question. It is manifest, however, that so far as this case is concerned it is a purely technical question, and its determination the one way or the other does not affect the substantial rights of the

Perry & Minor v. Perry's Executor.

appellants.   If the court is convinced of such fact from the record, it cannot reverse the judgment below, as we are required to disregard all errors not affecting the substantial rights of the parties.   (Sections 134 and 756 Civil Code.)

It is manifest that the appellants have not been precluded in any particular, by the chancellor's refusal to sustain their demurrers, from setting up their only defense, which was the payment of $1,000.   And it is also evident that it is wholly immaterial to them whether the appellee or the representative of her brother is entitled to the proceeds of the note sued on.   The only possible question in which they can be interested is:   "When we pay this judgment is it an extinguishment of the debt?"   We are of the opinion that this question must be answered in the affirmative.

The rights of the original obligees were joint, and a payment of the whole debt to one of them would extinguish the rights of both.   The obligor is not bound to hunt up each joint obligee and  pay him his distributive share.   By the death of  one of  the obligees the character of  the original joint right is not changed.   At the common law the survivor would collect and hold it as owner of the whole, but since our statute, abolishing  this rule, he  would hold  for  the  real owner.   The right of property does not survive, but in this instance passed by devise  to the other and surviving  joint owner, so that she was, in fact, the sole real owner.

The personal representative of Green Perry, if there was one, could, at most, hold only in trust for creditors, if there were any.   After the lapse of five years from the death of the testator, and in the absence of  any suggestion that he left any creditors, or, if so, that their debts remain unpaid, we can not conceive that the substantial rights of the appellants have been prejudiced by the judgment below, even if their special demurrer had been improperly overruled.   But

that it was error to overrule it we are by no means certain. Before the adoption of the provision of the Code (section 18) requiring every action to be prosecuted in the name of the real party in interest, with certain exceptions not necessary to notice, it was well settled that while the statute of 1796 abolished the survivorship of the right of property, the right of action survived to the survivor. The heir, devisee, etc., of the deceased joint owner became equitably entitled to his interest, but the right of action remained in the surviving joint tenant.

It may be that the provision of the Code referred to has changed this rule. In view of the statute, however, providing that the interest of a joint tenant who dies shall descend to his heirs or pass by devise, etc., but not so as to affect the mode of proceeding on any joint contract or judgment, we are not satisfied that the right of action does not survive as it did formerly. (Kentucky Statutes, sections 2348, 2349.)

This question, however, is more interesting than important in this case, and we need not decide it. We are convinced that there is no error in the proceedings below or judgment appealed from affecting the substantial rights of the appellants.

Judgment affirmed.