MATHEWS *et al. v.* DEFOOR *et al.*

ATKINSON, J. 1. "By the Civil Code (1910), § 3886, it is declared that if any person, without authority of law, wrongfully meddles with, or converts to his own use, the personalty of a deceased individual, whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs, or legatees of such estate, for double the value of 'the property so possessed or converted by him.' The double liability imposed is in the nature of a penalty for meddling with or converting the personalty of a deceased person after his death and when there is no administration. It does not apply if property of a person is converted during his lifetime. *Davis* v. *Davis,* 56 *Ga.* 37." *Allen* v. *Allen,* 144 *Ga.* 687 (87 S. E. 891).

2. "If one wrongfully takes possession of personalty of a deceased person whose estate is unrepresented, and renders himself liable as an executor in his own wrong, but is then appointed administrator and duly qualifies as such, he can not, in a suit thereafter brought, be held liable as an executor in his own wrong on account of such prior conduct; but he becomes liable for the proper administration of the estate as a lawful administrator. *Carnochan* v. *Abrahams, T. U. P. Charlton,* 196, 210; 18 Cyc. 1362 [24 C. J. 1219 § 2924]; Nance v. Gray, 143 Ala. 234 (38 So. 916, 5 Ann. Cas. 55)." *Allen·*v. *Allen,* supra.

3. "A note payable to two creditors jointly may be paid by paying either, and when paid to either, a mortgage to secure its payment is extinguished." *Wright* v. *Ware,* 58 *Ga.* 150; Park v. Parker, 216 Mass. 405 (103 N. E. 936). If one of the payees be dead, payment may be made to the survivor. Perry v. Perry, 98 Ky. 242 (32 S. W. 755); Allen v. Tate, 58 Miss. 585; 8 C. J. 597, § 831.

4. If two tenants in common sell land and receive in part payment a promissory note to them jointly, and the note is placed in a bank for collection, and one of the payees dies, and subsequently when the note falls due payment is demanded by the bank, and the maker, being informed of the death of the deceased payee and also that such payee died intestate leaving no heirs at law except her husband and leaving no debts, sends to the bank a check payable to the surviving payee named in the note and the husband of the deceased payee, to be delivered upon the execution and delivery of a deed by the two last-named persons, and delivery of an affidavit by the husband that the wife died intestate leaving no debts and that the husband was her sole heir at law; and the deed is duly executed and the affidavit is made in accordance with the instructions, and the bank surrenders the note and collects the check on the indorsement of the payees therein named, and deposits the proceeds thereof to the credit of one or both of the payees, and the whole fund or a portion thereof is drawn out by the surviving payee named in the note; and subsequently the surviving payee causes a will executed by the aforesaid deceased payee to be probated, in which the surviving payee is named as executrix and in which all the property of the testatrix is devised and bequeathed to persons other than her husband, and the executrix is excused from giving bond; and if after qualifying as executrix the surviving payee named in the note, in her individual capacity and as executrix, institutes an action against the makers of the note, such makers may plead payment made under circumstances stated above, in satisfaction of the note.

5. The evidence, though conflicting, was sufficient to support the finding of the trial judge in the municipal court of Atlanta in favor of the defendants on their plea of payment, in so far as related to the plaintiff individually.

6. The finding by the judge against the plea of payment as related to the plaintiff as executrix, while authorized by the evidence, was not demanded in view of the conflict of evidence. However, the judge specially found in favor of the defendants on the issues of fact, and on the basis of such finding decided as matter of law against the plea in so far as it related to the plaintiff in her representative capacity. This ruling of law was erroneous.

7. In view of the ruling last announced, the judge of the superior court did not err in sustaining the certiorari and rendering final judgment in favor of the defendants. On the facts as found by the judge of the municipal court, as a matter of law that judge could not render any other judgment than one sustaining the plea; and consequently it was a proper case for final disposition by the judge of the superior court. Civil Code, § 5201; *Colclough* v. *Walker*, 19 *Ga. App.* 23 (2) (90 S. E. 742). *Judgment affirmed. All the Justices concur.*

No. 7837. FEBRUARY 21, 1931. REHEARING DENIED FEBRUARY 27, 1931.

*Harvey J. Kennedy* and *Elijah A. Brown Jr.,* for plaintiffs.
*McDaniel, Neely & Marshall* and *McElreath & Scott,* for defendants.