25694. LONG *v.* CASH.

DECIDED DECEMBER 4, 1936.

*Preston M. Almand, Clara E. Smith, Shackelford & Shackelford,* for plaintiffs in error.

*Rupert A. Brown,* contra.

MacINTYRE, J. This suit was brought on a joint promissory note dated October 1, 1930, for $488.65, payable to the order of Lula Cash and Lizzie Massey (two sisters), "for value received," and signed by W. T. Long and Mrs. W. T. Long. The petition recited that the note was given for the purchase-money for certain real estate described in the petition, that Lizzie Massey died before the suit, and that Lula Cash was bringing this petition. Mrs. W. T. Long by her answer set up that she was the principal in said note, and W. T. Long was merely a surety; and that there had been transferred to her a note signed by John Houston and Lula Cash, and payable to T. J. Shackleford and Claud Mahaffey, on the back of which was written "Lizzie Massey." She prayed that the indebtedness due on the note transferred to her by the plaintiff be set off against the plaintiff's demand, to the extent of the principal and interest due. When the note sued on was tendered, the defendant objected to its introduction in evidence, on the ground that it was payable to the order of Lula Cash and Lizzie Massey, that the latter had never indorsed it, and she was dead and there had never been any administration of her estate; that she left children and debts, one of the debts being the note of $250 owed to Mrs. Mamie J. Long as transferee; and that Lula Cash had no legal right to sue on this note, but it should have been sued on by her jointly with the administrator of Lizzie Massey.

In *Wright* v. *Ware,* 58 *Ga.* 150, it was held that "A note pay-

able to two creditors jointly may be paid by paying either; and when paid to either, a mortgage to secure its payment is extinguished." In the decision it was said: "The general principle is that a payment to one of two joint creditors does extinguish the joint debt. 2 Chitty on Contracts, 1132, note D; 3 Johnson, 68; 15 Johnson, 478. This principle seems to be based upon the idea that such joint creditors are mutual agents of each other, in the nature of partners *pro hac vice*—mutual agents about that debt." And in *Mathews* v. *DeFoor*, 172 *Ga.* 318 (3) (158 S. E. 7), it was held that "If one of the payees [just above referred to] be dead, payment may be made to the survivor." There was no plea or demurrer because of a non-joinder of parties plaintiff. Whether or not the better practice would have required letters of administration to issue on the estate of Lizzie Massey, and that the suit be brought by Lula Cash and her personal representative, this was not done, and under the ruling in *Mathews* v. *DeFoor,* supra, it was not absolutely necessary. See *Burkhalter* v. *Peoples Bank,.* 175 *Ga.* 744 (3) (165 S. E. 749). Therefore we think that the court did not err in admitting in evidence the note sued on.

The court ruled out parol evidence to the effect that the note sought to be set off was given for an attorney's fee to Mr. Shackleford and Mr. Mahaffey, in order that they might represent John Houston, who was a brother of Lula Cash and Lizzie Massey; that John Houston and Lula Cash signed the note, and Lizzie Massey wrote her name on the back thereof; that at this time John Houston and his two sisters, Lula Cash and Lizzie Massey, owned the property described in the petition; that subsequently, after the death of John Houston, his two said sisters sold to Mrs. Long that property, for which the note sued on was given; that Mahaffey, who had bought out the interest of Shackleford in the attorney's-fee note, was pressing it for payment, and Lula Cash and Lizzie Massey were undertaking to sell to Mrs. Long the property described; that at the time of these negotiations John Houston was dead; that John Houston owed no debts except that expressed in the attorney's-fee note, and when this debt was paid off Lula Cash and Lizzie Massey would have title to the described property, for John Houston had no heir except them; and that in order to make the sale and perfect the title Mrs. Long was to pay the attorney's-

fee note and have it transferred to her, and the amount of the attorney's-fee note when paid would be credited upon the note sued on. All of this evidence was excluded on the ground that it was thus sought to vary or alter a written contract. The petition itself showed that the note declared on was not intended to speak the whole contract, but was given in pursuance of a contract for the sale of described land. Code, § 20-704. The agreement in the note to pay a specified amount is not exclusive of proof of other distinct agreements which the parties may have made in relation to the land, such as an agreement that the purchaser was to take up certain papers which it was necessary for her to do in order for her to get a title, and deduct the amount so expended, in perfecting her title, from the purchase-price of the property. "The rule of evidence which favors contracts which are in writing excludes parol stipulations relating to the subject-matter of the contract, which add to, vary, or qualify the terms as written; but a contract which is consistent with these terms and of independent nature, when the writing does not expressly or by implication undertake to deal with any of its terms, may be set up and proved by parol evidence." *Carter* v. *Griffin*, 114 *Ga.* 321, 329 (40 S. E. 290). See *Bowen* v. *Swift*, 52 *Ga. App.* 793 (184 S. E. 625). In short, the parol evidence was admissible to identify the subject-matter of the contract. We do not think it varied or added to the contract. *Hartwell Grocery Co.* v. *Mountain City Mill Co.*, 8 *Ga. App.* 727, 730 (70 S. E. 48). Whether the parol contract was made as contended by the defendant is a question for the jury. We think the evidence was improperly excluded. The note sought to be set off was given to Shackleford and Mahaffey, duly indorsed to Mrs. Long, and signed by John Houston and Lula Cash as principals, with the name of Lizzie Massey (their sister) written across the back. It recited, "We promise to pay." The note sued on was a purchase-money note given for the land described in the petition; it was signed by Mrs. Long as principal, and her husband as surety, was payable to Lula Cash and Lizzie Massey, and recited, "We promise to pay." John Houston, the brother of Lula Cash and Lizzie Massey, a joint owner with them of the land, had died owing no debts except that evidenced by this note, and leaving as his only heirs these two sisters. At the time of the signing of the note sued on, it was agreed by all of the

parties, except the brother John Houston who had died, that the note sought to be set off was to be taken up by Mrs. Long in order to perfect her title to the land for which the note sued on was given. And the amount of the note, when so transferred to Mrs. Long, was to be credited upon the note sued on. "Independently of the settled rule under the English statutes of set-off, our Code provides that set-off must be between the same parties, and in their own right: Code, section 2850 [1933, § 20-1303]. This section of the Code, however, recognizes some special exceptions. Two are mentioned, to wit, the case of a surviving partner, and a debt due to the principal, in a suit against the principal and security; and it also contains a general proposition that even debts not originally mutual may, under certain circumstances, be set off, as if they have in any way been brought equitably within the rule of mutuality. It would seem very clear that parties may by agreement make any debt a set-off. If the agreement be for a consideration, it is binding on the same terms as any other agreement; and if it be executed, it needs no consideration." *Threlkeld* v. *Dobbins,* 45 *Ga.* 144.

We think the defendant should have been allowed to set off the attorney's-fee note against the note sued on; and we likewise think that the set-off in this case could be pleaded and proved in the city court of Athens, and did not necessarily have to be presented in a court of equity; for such a city court has jurisdiction even of an equitable plea which is purely defensive, and which if sustained, would result in a verdict finding generally in favor of the defendant, or reducing the amount of plaintiff's recovery, where such reduction is not brought about by the exercise of any of the extraordinary powers of a court of equity, such as cancellation, reformation, equitable set-off, and the like. *Burnett* v. *Davis,* 124 *Ga.* 541, 544 (52 S. E. 927); *Edenfield* v. *Rountree,* 33 *Ga. App.* 444, 448 (126 S. E. 731). See also *Ward* v. *Wynn,* 42 *Ga.* 323.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*