31273. HUDMON, executor, *v.* THOMASSON *et al.*

Decided June 13, 1946.

*Willis Smith, J. L. Smith,* for plaintiff.

*B. J. Mayer, Boykin & Boykin,* for defendants.

FELTON, J. All three of the counts allege substantially the same facts. Neither sets forth a cause of action on the theory that the former administrator, without authority, wrongfully meddled with or converted to his own use the personalty of the deceased, either against the former administrator or any one or more of the other defendants, especially since the original appointment of the administrator is unreversed and not set aside. It does not matter with what purpose or motive one comes into possession of such property, if and when he qualifies as administrator of the estate his possession becomes legal, and everything preceding the appointment merges in the status, condition, and obligations then obtaining. The law then takes charge, fixes the status and present and future obligations. The duty of the administrator is to properly administer the estate. *Mathews* v. *DeFoor,* 172 *Ga.* 318 (158 S. E. 7). Since, however, the allegations of the petition are not in the alternative, and the single value of the property is prayed for, each count sets forth a cause of action against the administrator as principal and his bondsmen as sureties, for failure to account to the executor for the property upon revocation of the letters of administration on the probate of the will. The Code, § 113-2204, provides: "Whenever any executor or administrator shall have been removed or shall have departed this life, being liable to the estate, it shall be the duty of such removed executor or administrator, or his representatives, to account fully with the administrator de bonis non who may be appointed to finish the administration of such estate." The probate of the will worked a revocation of the letters of administration as to assets unadministered. *Walden* v. *Mahnks,* 178 *Ga.* 825 (174 S. E. 538, 95 A. L. R. 1101). This is equivalent to a removal of the administrator. While the original two counts apparently were intended to proceed only for

double damages, the amendments sought single as well as double damages, and there was no objection or demurrer to the amendments to the first two counts on the grounds that they added a new cause of action. All three counts set forth a cause of action for failure to account for the property described, and it was error to sustain the demurrers and dismiss the action.

*Judgment reversed. Sutton, P. J., concurs.*

PARKER, J., concurring specially. I think that the demurrers to counts 1 and 2 as amended should have been overruled, and concur in the judgment of reversal for that reason, but that the demurrer to count 3 was properly sustained.

The writing offered as an amendment by the plaintiff and designated count 3 was not addressed to any court, and did not name any person as plaintiff or allege who was the plaintiff, and did not contain any prayer for process. The fact that the other counts were addressed to the superior court and named a plaintiff and prayed for process, would not aid or sustain a so-called count lacking in these essential allegations. Under the Code (Ann.), § 81-101, and the annotations thereunder, I think it clear that the amendment known as count 3 was wholly inadequate and insufficient to state a cause of action and that the general demurrer thereto was properly sustained.