49075. GEORGIA AUTO SALES, INC. et al. v. HINRICHSEN.

EVANS, Judge.

Gerry T. Hinrichsen, as plaintiff, sued Ronald Harris and Georgia Auto Sales, Inc., as defendants, in the Civil Court of Fulton County for damages growing out of a sale and subsequent transactions as to a Cadillac automobile. Plaintiff contends that he paid $3,695 for the used Cadillac, and as a part of the trade the defendants agreed to make certain necessary repairs to the air conditioner. Plaintiff also contends he carried the car to the defendants so the repairs might be made, and that the car was shifted around to three different garages; that plaintiff called every two or three days as to when he could get his car back; that it was kept for seven months, and during this time the windows were left down and rain damaged the seats and upholstery; and that

finally the defendant brought the car back to plaintiff's home and left it in the driveway without notice to him; that when he discovered the car in the driveway, the air conditioner still would not work, the heater would not work; the main bearing leaked oil; dents had been placed on both sides of the car and the rear deck lid during the time the defendants had the car in custody; and that the car was in considerably worse shape than when it was turned back to defendants for repairs.

Defendants denied plaintiff was entitled to recover of them, and filed a counterclaim in which they sought to recover of plaintiff for rental of a substitute automobile alleged to have been furnished to plaintiff; and for the value of the substitute car as it was still held by plaintiff; and for attorney fees and for damages to reputation.

Plaintiff moved to dismiss the counterclaim; a hearing was held, and a part of same was ordered stricken; and plaintiff was further ordered to return the substitute car to defendants. The question of rental value of the substitute car and storage of plaintiff's automobile remained for determination.

Discovery was had, and defendants moved for summary judgment, which was denied, and defendants appeal. *Held:*

1. As to defendants' counterclaim, no evidence is in the record to illustrate the rental or storage value. Thus, no award on defendants' motion for summary judgment could be made as to its counterclaim. See *Connors v. City Council of Augusta,* 120 Ga. App. 499, 500 (3) (171 SE2d 578).

2. Nor was there anything in the record which would have authorized the trial court to award defendants a complete or partial summary judgment as to plaintiff's complaint. See Code Ann. § 81A-156 (d). Plaintiff's evidence shows that as a part of the trade, and as an inducement to him to purchase the used Cadillac, agreement was made by defendants to repair the air conditioner. The evidence also shows that the car was returned to defendants so the repairs could be made and that a substitute car was placed with him for his convenience during the time the repairs were being made, but that it was not satisfactory. The evidence raises

questions for the jury as to whether the defendants repaired or even made a bona fide effort to repair the Cadillac; as to whether the seven months they kept the car was reasonable or unreasonable; and as to whether defendants damaged the Cadillac while in their possession for the purpose of repairs.

The defendants contend that the alleged agreement as to repairing an air conditioner merged into the final sale, and that its bill of sale, accepted by plaintiff at the time of delivery of the car, recited: ". . . all cars sold as is — no guarantee unless otherwise stated in writing " and ". . . no agreement between salesman and customer binding on part of company." The bill of sale was signed by "Ronald C. Harris, Pres." The suit was filed against Ronald C. Harris and against Georgia Auto Sales, Inc., as defendants, and the part of the bill of sale which refers to agreements by *salesman* is inapplicable. Here we deal with the *president.* Plaintiff treats Ronald C. Harris, the president of the corporation, and the corporation itself, as joint defendants, and contends that both sold him the car.

As to the merger of the promise to repair the car into the final sale and bill of sale, it is for the jury to decide as to whether such oral agreement was made to repair, and if so, whether it was a part of the inducement which led plaintiff to purchase the used car. For a thorough discussion of this question see *Langenback v. Mays,* 205 Ga. 706 (54 SE2d 401). It is there held that a collateral oral agreement, not inconsistent with a written contract, is not necessarily merged into the written contract, and one contract may be the consideration for another contract, and may induce the execution of the other contract; and that such independent oral contract may be proved and enforced.

This is a case in which much conflict in evidence exists, which the jury must solve, in order to reach a final determination of this case. The trial judge properly denied defendants' motion for summary judgment.

*Judgment affirmed. Pannell, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

Argued February 7, 1974 — Decided February 20, 1974.

*Jack T. Elrod,* for appellants.
*James T. McDaniel,* for appellee.