## 54518. DIAMONDHEAD CORPORATION v. ROBINSON.

BIRDSONG, Judge.

Appellee, a former salesman employed by appellant, brought suit against appellant for a sum of money due him under an alleged oral agreement for sales generated during the year 1974. The case was originally heard in the Civil Court of Fulton County, where the court directed a verdict in favor of the appellant. A new trial was granted, sua sponte, at which the jury found that the appellee was entitled to recover the sum due him under the alleged agreement. *Held:*

1. Appellant enumerates as error the trial court's refusal to direct a verdict on the ground of failure of consideration, or, alternatively, that the oral agreement was merely gratuitous. The evidence reveals that

appellant had a continuing agreement with appellee (as well as its other sales people) that, after achieving gross sales of $500,000, he would be entitled to an additional one-half of one percent of all sales above that figure. That appellee surpassed this figure in 1971 and thereafter received the stipulated percentage is undisputed. Moreover, appellee testified that, although he was contractually entitled to resign at any time, on ten days' notice, he remained in appellant's employ through 1974 in reliance upon the oral agreement. Appellant did, in fact, honor this oral agreement in 1971, 1972, and 1973, refusing to honor it in 1974, after appellee voluntarily resigned. Discovery procedures revealed that non-resigning sales people who had attained the stipulated sales level were remunerated in accordance with the oral agreement.

"The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). Issues of fact were raised concerning the existence, as well as the adequacy, of consideration, and the trial court did not err in denying appellant's motion for directed verdict on the grounds enumerated above.

2. Appellant assigns as error the trial court's refusal to direct a verdict on the ground that the employment relationship between the parties was governed by a written contract, which, by virtue of the parol evidence rule (Code Ann. § 38-501 et seq.), prohibits the admission of all of the evidence discussed in Division 1. If this contention were correct, there would remain no evidence as to the oral agreement, and a directed verdict would be required.

It is elementary that prior and contemporaneous statements or agreements cannot be shown to vary, contradict, or change the terms of a valid written contract purporting on its face to contain all the terms of an agreement between parties. "However, when the alleged verbal agreement is an independent and complete contract within itself and forms no part of the written contract, it does not come within the operation of the parol

evidence rule." *Taylor Freezer Sales Co. v. Hydrick,* 138 Ga. App. 738, 741 (227 SE2d 494). The cases support ". . . a rule that a distinct, collateral oral agreement that is consistent with and usually forms part of the consideration or inducement for the second written agreement, may be established by parol evidence." *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 608 (224 SE2d 442) and cits. See *Preferred Risk Mut. Ins. Co. v. Jones,* 233 Ga. 423 (211 SE2d 720); *Reid v. Bryant,* 100 Ga. App. 105 (110 SE2d 571). "The test to determine whether the oral agreement is one which the law will permit to be plead and proved is whether the oral agreement constitutes a part of the written contract or whether, instead, it is a separate and distinct oral contract which is not inconsistent with the written contract. If the latter, it admits of pleading and proof. [Cits.]" *S. & S. Builders v. Equitable Invest. Corp.,* 219 Ga. 557, 561 (134 SE2d 777).

The written contract was, on its face, unambiguous, and appellee does not contest its meaning. Instead, appellee established, and the evidence properly shows, the existence of a separate and independent collateral agreement, the renewal of which, for three consecutive years, induced him to renew a written agreement with appellant. Further, the evidence shows that, until appellee resigned, appellant honored this agreement, which it now seeks to keep from evidence under the sanction of the parol evidence rule. This the appellant may not do, for the reason that the oral agreement is an independent and complete contract within itself and does not vary or contradict the terms of the written contract. The trial court did not err in refusing to grant a directed verdict for the reason enumerated herein.

3. Appellant contends that the trial court erred in refusing to bar all testimony relative to the existence of the oral agreement because the written contract contained a merger clause, to the effect that the written contract comprised the entire agreement between the parties. Insofar as the written contract is concerned, this contention is correct. However, as to an independent collateral agreement, the legal analysis is similar to that in Division 2. This court has held that, in the examination of an independent collateral oral agreement, it is for the

jury to decide whether an agreement was made, and, if so, whether it was part of the inducement to the written agreement. *Ga. Auto Sales v. Hinrichsen*, 131 Ga. App. 43 (205 SE2d 65). "For a thorough discussion of this question see *Langenback v. Mays*, 205 Ga. 706 (54 SE2d 401). It is there held that a collateral oral agreement, not inconsistent with a written contract, is not necessarily merged into the written contract, and one contract may be the consideration for another contract, and may induce the execution of the other contract; and that such independent oral contract may be proved and enforced." *Ga. Auto Sales v. Hinrichsen,* supra, p. 45. See *Indiana Truck Corp. v. Glock,* 46 Ga. App. 519 (1) (168 SE 124).

As the merger rule does not bar the introduction of evidence concerning an independent collateral oral agreement, which does not vary or contradict the terms of the written contract, the trial court did not err in refusing to strike the evidence relating to the oral agreement.

4. Appellant assigns as error the trial court's first grant of a new trial. Code Ann. § 6-1608 provides as follows: "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." The analysis in Divisions 1—4 renders this contention meritless.

5. Appellant's remaining enumerations of error are, for the reasons previously set forth, without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 8, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 18, 1977 — 

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellant.

*Jack N. Halpern,* for appellee.