### 33198. LOVIN v. POSS et al.

MARSHALL, Justice.

This is an action for equitable accounting among the heirs at law concerning certain realty. Upon the death of an intestate, one of her daughters (the defendant) moved into a house which, together with three lots, had been purportedly deeded to the defendant's incompetent sister by their mother. The defendant occupied the house, caring for her incompetent sister therein for the 15 years until the sister's death, intestate and without children. The mother's estate had contained three additional lots, making a total of six lots plus the house, which were distributable among the heirs at law upon the death of the incompetent daughter-sister. The defendant counterclaimed for her expenses incurred in connection with the property and in caring for and burying her sister. The defendant appeals from the final judgment rendered after a bench trial, on grounds hereinafter set forth.

1. The trial judge did not err in ruling that the plaintiff heirs at law were entitled to recover rent for the appellant's occupancy of the homeplace as an adverse possessor subsequent to the death of her sister. One condition constituting adverse possession under the

provisions of Code § 85-1005 is "exclusive possession after demand." There was unrefuted testimony by one of the plaintiff heirs at law that she had demanded both after the mother's and sister's deaths, possession of the property for the purpose of dividing it up, which demands the defendant had refused. Furthermore, this court has held that "the cotenant in possession is liable for rent although he held possession by the consent of his cotenant." *New Winder Lumber Co. v. Guest,* 182 Ga. 859, 862 (187 SE 63) (1936).

2. The trial judge improperly disallowed the defendant's claim for taxes incurred as to the property during the period of her adverse possession. Since the court awarded the plaintiffs rent for this period, to make the defendant liable for taxes in addition would constitute a double recovery for the plaintiffs, which would be an inequitable result.

3. It was not error to disallow recovery by the appellant for reimbursement for expenses incurred for medical treatment, care and supervision, and funeral for her mentally incompetent sister.

"Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but *this presumption does not usually arise in cases between very near relatives.*" (Emphasis supplied.) Code § 3-107. In *Cooper v. Cooper,* 59 Ga. App. 832 (3) (2 SE2d 145) (1939), it was pointed out that there must have been either an express contract or agreement, or facts or circumstances which would authorize an inference that it was contemplated that the services would be paid for, in order to recover for them. Cf., *Freeman v. Collier,* 204 Ga. 329 (2) (50 SE2d 61) (1948), in which, unlike the present case, the services enhanced the recipient's estate. Moreover, this would properly be a claim against the estate of the incompetent sister.

Accordingly, the judgment is affirmed on the condition that the plaintiffs write off from their judgment two-thirds of the amount of taxes paid on the property by the defendant during the period of time she was found to have been in adverse possession thereof, apparently totaling $2,024.86, the exact amount to be determined by

the court from the evidence[1]; otherwise reversed.

*Judgment affirmed on condition. All the Justices concur.*

SUBMITTED JANUARY 20, 1978 — DECIDED FEBRUARY 28, 1978.

*Cheeley & Chandler, Joseph E. Cheeley, Richard B. Chandler, Jr.,* for appellant.

*Charles A. Pemberton,* for appellees.

---

[1] Since the defendant was credited by the trial judge with one-third of the rent due by her to the plaintiffs as her proportionate share thereof, equity requires that she bear one-third of the taxes in question.