## 33723. PERSONAL THRIFT PLAN OF PERRY, INC. v. GEORGIA POWER COMPANY.

HILL, Justice.

In August 1975 and July 1976, Tom and Marie Shafer purchased a Hotpoint dishwasher and washing machine from Georgia Power Company. Georgia Power took purchase money security interests in each which were automatically perfected pursuant to Code Ann. § 109A-9—302 (1) (d). Subsequently, the Shafers pledged the appliances to Personal Thrift as collateral for certain loans. Personal Thrift recorded its security interest. When the Shafers defaulted on their notes, Personal Thrift took possession of the collateral. Personal Thrift later returned the dishwasher to the Shafers.

Having previously informed Personal Thrift of its prior perfected security interest and demanded return of the appliances to no avail, on May 11, 1977, Georgia Power Company sued Personal Thrift in trover, seeking to recover the two appliances and an award of attorney fees. Personal Thrift answered, attacking the constitutionality of Code Ann. § 109A-9—302 (1) (d) on equal protection and due process grounds, attacking the sufficiency of the descriptions in Georgia Power's security agreements, attacking the signature of Mr. Shafer on the security agreements as a forgery by his wife, and asserting that attorney fees are not recoverable in trover. Personal Thrift also counterclaimed for fraud, punitive damages, and attorney fees.

The trial court granted Georgia Power's motion for

summary judgment on the trover counts, reserving the issue of attorney fees for a jury; the trial court also dismissed Personal Thrift's counterclaim.

1. In its attack on the constitutionality of Code Ann. § 109A-9—302 (1) (d), Personal Thrift argues that this statute, pursuant to which "a purchase money security interest in consumer goods" is perfected without filing, violates equal protection because it is not a rational classification, and that the statute violates due process because it does not provide notice by filing. We find that a purchase money security interest in consumer goods is a rational classification, and that the existence of the exception is sufficient to put corporate entities such as Personal Thrift on notice. Compare Code Ann. § 109A-9—307 (2). The statute is not unconstitutional as alleged.

2. Personal Thrift also argues that the descriptions of the appliances on Georgia Power's security agreements were not sufficient. Code Ann. § 109A-9—110 provides that any description of personal property "is sufficient whether or not it is specific if it reasonably identifies what is described." In this case, the security agreements are included on the merchandise sales orders which identify the seller and the purchaser and recite the sales price. Each appliance is also identified by model and serial number.[1] Personal Thrift argues that this is not a "reasonable identification" because it does not include the type of appliance, e.g., dishwasher, washing machine, citing In re Richards, 7 UCC Rptr. 1378, 1381 (W.D. Mich. 1970). Richards involved the construction of the words "indicating the types, or describing the items, of collateral" found in our Code Ann. § 109A-9—402, regarding financing statements. That court reasoned that a serial number alone did not "indicate the type" of collateral. However, that requirement is applicable to financing statements, not security agreements. As heretofore noted, purchase money security agreements on

---

[1]The dishwasher identification reads "HDB-772 AV Hotpoint DW SER no. 511375"; the washing machine identification reads "WLW 5900 PALAV FPI-88630H."

consumer goods are not required to be filed. Hence the purpose of the description of the collateral in an unfiled security agreement is not to give notice as on a financing statement but is to provide identification of the collateral so as to avoid disputes over its identity. As stated in the UCC comment on § 9-110: "The test of sufficiency of a description laid down by this section is that the description do the job assigned to it—that it make possible the identification of the thing described." We find that description of collateral in a purchase money security agreement by model and serial number alone meets the requirements of Code Ann. §§ 109A-9—203 (1) (b), 109A-9—110, where the secured party named is a manufacturer or dealer in specialty appliances sold under a trade name. Under such circumstances the model and serial numbers "reasonably identify" the collateral in compliance with the cited Code sections. The identification was sufficient.

3. Personal Thrift argues that Georgia Power's security interest in the washing machine was unenforceable because Mrs. Shafer signed her name first and superimposed her husband's name over his signature 11 days later because the electric bills were sent in his name. Personal Thrift argues that the husband's signature was a forgery so the security agreement is invalid as to him. It argues that Mrs. Shafer was not the intended debtor and hence the agreement is not valid as to her. This latter argument we cannot accept because it is contrary to the precise written terms of the security agreement signed by Mrs. Shafer.

In the trover action brought by Georgia Power against Personal Thrift, it was material only that Georgia Power show that it had a valid security interest in the washing machine, not that its interest was good as against Mr. Shafer.

4. Personal Thrift argues that Georgia Power's security interest in the washing machine was not perfected within 10 days of the time the Shafers received the appliances, Code Ann. § 109A-9—312 (4), and is not, therefore, enforceable. In view of the foregoing, this argument is moot.

5. Georgia Power alleged that it was entitled to

recover attorney fees because Personal Thrift was stubbornly litigious by not surrendering the washing machine and dishwasher after being put on notice of the Power Company's security interests. Personal Thrift argues that the trial court erred in reserving the issue of attorney fees for trial by jury. We agree. The issues raised by Personal Thrift do not rise to the level of stubborn litigiousness. Personal Thrift's motion for judgment as to this issue should have been granted. *Palmer v. Howse,* 133 Ga. App. 619, 621 (212 SE2d 2) (1974); *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.,* 86 Ga. App. 442 (2b) (71 SE2d 670) (1952).

6. Personal Thrift argues that summary judgment was inappropriate as to the dishwasher because Personal Thrift showed that it had returned it to the Shafers. See Code Ann. § 107-101. Georgia Power alleged in its trover complaint that the property in dispute was then in defendant's possession. This allegation was not denied by defendant and its affidavits show merely that the property has been returned, not that the property was returned before suit was filed. The trial court did not err in finding no genuine issue of fact as to possession.

7. In view of the foregoing it can be seen that the trial court did not err in dismissing Personal Thrift's counterclaim for damages for fraud in forging Mr. Shafer's signature, as well as punitive damages and attorney fees. The remaining enumerations of error are without merit.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Bowles, J., who is disqualified.*

ARGUED JUNE 20, 1978 — DECIDED OCTOBER 18, 1978.

*Marvin T. Morrow,* for appellant.
*Thomas C. Alexander,* for appellee.