## 58657. TANNER v. TINSLEY.

DEEN, Chief Judge.

The litigants entered into an agreement on March 12, 1971, that "we will equally assume the responsibility of a certain note [identified]. We further agree that we will share equally any money collected from tax escalation or past due rents and/or any responsibility which may arise from the said Northside Drive-Eleventh Street leasehold venture." Thereafter Tanner sued Tinsley alleging that the property referred to included 656 11th Street and 1042 Northside Drive, Atlanta, Ga., and that the agreement was intended to create a partnership as to all profits and losses arising therefrom. Tanner was sued on the notes referred to in the memorandum agreement; judgment was entered against him and Tinsley refused to pay a pro rata share. Tanner then filed this action for declaratory judgment, one half the judgment note liability, and other damages.

Tinsley moved for judgment on the pleadings on the ground that the document was too vague and indefinite to serve as the basis of a complaint; also for summary judgment and in the alternative dismissal of the complaint "on the grounds set forth in the motion heretofore filed." The court on September 1, 1976, heard the "motion for summary judgment and in the alternative motion to dismiss," considered the evidence submitted, argument and briefs, found a genuine issue as to the material facts and denied the "motion for summary

judgment and in the alternative motion to dismiss."

Nothing further happened until January, 1979, when the defendant moved to dismiss the petition and in the alternative for summary judgment on the ground that the contract was so vague and indefinite as to be void. This motion was heard in May. The court, considering only pleadings, argument, and citation of authority, dismissed the petition, and the plaintiff appeals. *Held:*

1. There is no doubt that the two motions, insofar as they deal with either dismissal or judgment on the pleadings, are based on exactly the same pleadings, are diametrically opposed to each other, and that only the latter is before us on appeal. While the law of the case, at the trial level, has been abolished, orders should not be set aside or modified without just cause (Code § 81A-160 (h)) and the burden is on the movant to demonstrate that he is entitled to the judgment as a matter of law. *Roberson v. Evergreen & Assoc.,* 134 Ga. App. 881 (216 SE2d 693) (1975); *Mackel v. Sheraton Biltmore Hotel,* 137 Ga. App. 444 (224 SE2d 100) (1976); *Grantham Transfer Co. v. Hawes,* 225 Ga. 436 (1) (169 SE2d 290) (1969).

2. Contracts may be partly oral and partly in writing. *Ansley v. Forest Services,* 135 Ga. App. 745 (1) (218 SE2d 914) (1975); *Jones v. Ely,* 95 Ga. App. 4 (96 SE2d 536) (1957). "It is elemental that between the parties the efficacy of an instrument is not controlled by irregularities in execution." *Stewart v. Jim Walter Homes, Inc.,* 229 Ga. 244, 248 (190 SE2d 520) (1972). As between the parties, the looseness of language such as the identification ("note from Hugh and Marilyn H. Tanner to Dan McDougall dated 12-1-69"), the subject matter ("Northside Drive-Eleventh Street leasehold venture") and the duties to be performed ("we will share equally any money collected from tax escalation or past due rents, and any responsibility," etc.) is subject to explanation, and the surrounding circumstances are subject to explanation. Code § 20-704 (1). Parol testimony may be admitted to explain ambiguous language, or to show a distinct collateral understanding, although it may not contradict or vary the writing itself. *Diamondhead Corp. v. Robinson,* 144 Ga. App. 60 (2) (240 SE2d 572) (1977). "To justify the grant of a judgment on the pleadings it is not

sufficient that the complaint fails to state a claim on
which relief can be granted, but the pleadings must
affirmatively show that no claim in fact exists." *Holzman
v. National Bank of Georgia,* 144 Ga. App. 710 (242 SE2d
299) (1978). We cannot, at this stage of the litigation, hold
the agreement void.

3. The order on which this appeal is based is simply
an effort to replow old ground. Not only have no new facts
been added, this order is based on the written pleadings
alone (the court omits any reference to the introduction of
evidence and none appears in the record.) The prior
decision which passed on both the sufficiency of the
complaint and the motion for summary judgment
encompassed a wider field and still remains viable, no
effort having been made to set it aside.

The dismissal of this complaint was error.

*Judgment reversed. Shulman and Carley, JJ.,
concur.*

ARGUED OCTOBER 2, 1979 — DECIDED NOVEMBER 14, 1979.

*H. Lane Young,* for appellant.
*William F. Lozier,* for appellee.