## 60879. GUTHRIE v. PILGRIM REALTY COMPANY et al.

DEEN, Chief Judge.

Barbara Guthrie brought suit against Pilgrim Realty Co., d/b/a Pilgrim Self-Service Storage, Orville A. Guinn and several other defendants alleging that in March 1977 they converted her personal property which was stored in a stall which she had leased at the mini-warehouse. Guthrie appeals from a judgment entered on a jury verdict in favor of the defendants following the denial of her motion for a new trial.

1. Appellant contends that the trial court erred in denying her motion for a directed verdict. Only where there is no conflict in the evidence and a verdict is demanded as a matter of law is it error for the trial court to refuse to direct a verdict. *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424, 427 (254 SE2d 418) (1979). The evidence showed that Guthrie failed to make her rental payments for February and March of 1977 and that the lease she signed provided in part that Pilgrim ". . . shall at all times have a valid, contractual lien for all rentals or other sums due hereunder from tenant upon items situated upon the premises, without liability for trespass or conversion." As the goods were stored at Pilgrim's warehouse in a stall identified in the lease as "B-12" and the lease further provided that storage was at the tenant's sole risk and the landlord did not take ". . . custody control; possession or dominion over the contents of the stall and does not agree to provide protection for the premises, stall or contents thereof," (Guthrie had to protect her property with her own lock), appellant's argument that the goods were not sufficiently identified in the lease for a security interest to attach must fail. The test of the sufficiency of a description as set forth in Code Ann. § 109A-9—110 is that it make possible the identification of the item described. *Personal Thrift Plan v. Ga. Power Co.,* 242 Ga. 388 (249 SE2d 72) (1978). In this case, the goods could only be described by the container.

Guthrie also contends that the sale was illegal as a matter of law because it was conducted without proper notice to her. The agreement provides that after the rent is seven days overdue the landlord has the right to overlock the stall and give written notice to the tenant that the stall has been overlocked. If the tenant fails to pay the overdue rent and late charge within fifteen days after notice is given, the landlord has the right to enter the stall and remove the contents on or after the fifteenth day and give the tenant written notice of his action. He can sell the goods at public or private sale or discard them not less than five days after giving the written notice. The evidence showed that after appellant's January rent was past

due Pilgrim sent her a letter dated Jan. 10th notifying her that the stall had been overlocked and that Pilgrim would sell the contents if the rent was not paid within fifteen days. Guthrie then failed to pay the rent due on Feb. 1. By certified letter dated Feb. 2, Pilgrim notified appellant that the contents of the stall would be sold after Feb. 20 if the rent was not paid. An employee of Pilgrim testified that she contacted Guthrie by telephone on four occasions during January and February about the past due rent and produced records of the calls that she made. On Feb. 10, Guthrie paid one month's rent plus late charge although she was two months in arrears and received a receipt showing she had paid the February rent. On March 1, she again failed to pay her rent and was notified by certified mail that the contents of her stall would be sold after March 21 if the rent was not paid. The letter was sent to the address given in the lease and to the same address as the other letters, but it was returned "addressee unknown." During March and prior to the sale on the 23rd, one of Pilgrim's employees contacted Guthrie by telephone on four occasions regarding her past due rent and notified her of the scheduled sale on or after March 21. On one occasion the employee left a message for appellant to return the call.

Under the terms of the lease, appellee provided the requisite notice to appellant. Under Code Ann. § 109A-9—504 (3) the secured party is required to give reasonable notification of the time and place of any public sale unless the collateral is perishable or threatens to decline speedily in value or is the type sold on a recognized market. As Guthrie was notified by certified mail and contacted by telephone, the notice was sufficient. See Code Ann. § 109A-1—201 (26) and (28); *Brinson v. Commercial Bank,* 138 Ga. App. 177 (225 SE2d 701) (1976). The appellant does not contend that the sale was conducted in commercially unreasonable manner.

Guthrie's argument that appellee caused a breach of the peace in the exercise of its security interest is without merit. The agreement expressly grants Pilgrim the right to enter the stall and sell the contents (after giving the requisite notice) to satisfy an indebtedness for unpaid rent. The trial court did not err in denying appellant's motion for a directed verdict.

2. Appellant's assertion of the general grounds is without merit. The verdict and judgment are not contrary to the law. This court cannot consider the weight of the evidence; it considers only the sufficiency of the evidence. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976).

3. Appellant also contends that the trial court erred in refusing to give her requests to charge nos. 11, 12, 13, 14, 16 and 17. As there are no requests to charge numbered 16 and 17 in the record and nothing

in the transcript to indicate that they were presented to the trial court for its consideration, we cannot consider them on appeal. Also, they are not argued in her brief supported with citation to authority and are deemed abandoned. Court of Appeals Rule 15 (c) (2).

Request no. 11 is based upon the dispossessory procedure as contained in Code Ann. § 61-301. In *Colonial Self-Storage v. Concord Properties,* 147 Ga. App. 493 (249 SE2d 310) (1978), it was held that a landlord may contract to avoid the statutory requirements of Code. Ann. Ch. 61-3 when renting property which is not a dwelling place. The agreement indicates that the landlord did so contract.

Requests nos. 13 and 14 relate to the principal-agent relationship between Pilgrim and Guinn. Appellant argues that without these charges the jury would not have known the standard by which liability would attach to acts or omissions of Guinn. The record shows that Guinn's agency was admitted, the trial court so informed the jury and instructed the jury as to the requirements under Article 9 of the Uniform Commercial Code for the creation and enforcement of a security interest and the proper exercise by the secured party of its rights upon default.

Request no. 12 related to punitive damages. Any error as to this charge is rendered harmless in view of the jury verdict in favor of the defendants. *F. N. Roberts Corp. v. Southern Bell Tel. &c. Co.,* 132 Ga. App. 800 (209 SE2d 138) (1974).

4. It was not error for the trial court to direct a verdict in favor of defendant Doan, the purchaser of the contents of Guthrie's stall. Appellant contends that he did not acquire good title because appellee did not have an enforceable security interest and did not properly exercise its rights as a secured creditor. Pilgrim did, indeed, have a valid security interest and properly exercised its rights as a secured creditor under Article 9 of the U. C. C. Under Code Ann. § 109A-9—504 (4), a purchaser for value takes the property free of all such rights and interests even though the secured party fails to comply with the requirements of Article 9.

5. In her final enumeration, appellant contends that the trial court erred in dismissing defendants Robertson, Schissler, Freiberger, Trico Service Corp. and Dolat Joint Venture for lack of jurisdiction. Even if the trial court erred in dismissing these defendants (non-residents who were alleged to be the owners of Pilgrim Self-Service Storage), it was harmless because a verdict in favor of the defendants was demanded by the evidence.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED OCTOBER 2, 1980 — DECIDED NOVEMBER 20, 1980 — REHEARING DENIED DECEMBER 4, 1980 —

*William R. Parker,* for appellant.
*Dow N. Kirkpatrick, II,* for appellees.
Jerry Doan, *pro se.*