## 38049. LEE v. WHITE.

GREGORY, Justice.

The parties to this action were divorced on November 21, 1977. An agreement entered into on October 7, 1977 and purporting to settle certain "property rights, alimony, maintenance and division of property," was incorporated into the final judgment of the court. The agreement divided household furnishings between the parties and provided that appellant would convey title to an automobile to appellee once he had satisfied the debt on it. Paragraph 5 of the agreement provides: "Husband shall pay to the wife the sum of $200.00 per month, as alimony, for a period of fifteen (15) months from the date of this Agreement." Paragraph 6 states that appellee will assume responsibility for "all . . . remaining debts in his name and those which were incurred in joint names during the marriage." The final paragraph states that the agreement "constitutes the entire understanding of the parties and there are no representations or warranties other than those expressly herein set forth." No reference to any realty owned by the parties was made in the agreement. Appellant's attorney prepared the agreement. Appellee was unrepresented by counsel throughout the divorce proceedings and did not appear at the hearing on the divorce petition.

In August, 1979 appellee filed a complaint in equity praying that a condominium owned by the parties as tenants-in-common be sold and the proceeds therefrom be equally divided. Appellee also prayed that appellant be required to pay her $275 per month for each month he had exclusive possession of the condominium since the time of their separation.

Appellant answered that, while the agreement made October 7, 1977 stated that he was to pay appellee a total of $3,000 in "alimony," the parties had orally agreed that this amount was actually being paid to appellee as consideration for her interest in the condominium. Appellant averred that appellee had, contemporaneously with the execution of the October 7, 1977 agreement, orally promised to execute a quitclaim deed in favor of appellant, but had subsequently refused to do so. Appellant counterclaimed for reformation, or in the alternative, rescission of the October 7, 1977 agreement and for actual and punitive damages based on appellee's fraudulent actions.

According to appellant's deposition, his former attorney advised him that the agreement should refer to the $3,000 to be paid appellee as "alimony" rather than as payment for appellee's equity in the condominium in order to afford appellant certain beneficial tax consequences. Appellant concedes that he agreed to have the document drafted in this manner so that he could "fudge on [his]

income tax."

In her deposition appellee denies the existence of an oral agreement to convey her interest in the condominium for $3,000. Instead, she claims that this amount was for her maintenance and support.

Appellee filed a motion for summary judgment which was denied on April 9, 1980. Immediately prior to trial appellee made a motion in limine to exclude any parol evidence appellant proposed to offer at trial concerning the alleged oral agreement. After hearing arguments and examining the October 7, 1977 agreement, the trial court granted the motion finding, inter alia, that the written agreement was unambiguous and could not be contradicted by the parol evidence appellant sought to offer. The trial court further found that since the condominium had not been disposed of by the October 7, 1977 agreement, the parties remained tenants-in-common. The trial court certified the case for immediate review and we granted appellant's application for an interlocutory appeal. We affirm.

(1) The motion for summary judgment and the motion in limine were made before two different trial judges. Appellant argues that, under the authority of *Tanner v. Tinsley,* 152 Ga. App. 330 (262 SE2d 602) (1979), the trial court was precluded from issuing an order granting the motion in limine, as this order was "diametrically opposed" to the order denying appellee's motion for summary judgment. In *Tanner* the trial court denied a motion for summary judgment, then, two years later, granted a motion to dismiss the petition. The Court of Appeals found that since both motions had been based on "exactly the same pleadings" the order denying summary judgment should not have been set aside without a showing of just cause. *Tanner,* at 331.

In this case the record clearly shows that appellant did not object to the granting of the motion in limine on the ground that it was precluded by the earlier denial of a motion for summary judgment. We, therefore, find it unnecessary to reach the question of whether the denial of the motion for summary judgment foreclosed the granting of the motion in limine. The real issue to be decided is whether the trial court erred in ruling that appellant was prohibited from introducing any evidence of the alleged prior oral agreement between the parties.

(a) "It is elementary that prior and contemporaneous statements or agreements cannot be shown to vary, contradict, or change the terms of a valid written contract purporting on its face to contain all the terms of an agreement between the parties . . . [However] a distinct, collateral oral agreement that is consistent with

and usually forms part of the consideration or inducement for the second written agreement may be established by parol evidence. [Cits.] . . . The test to determine whether the oral agreement is one which the law will permit to be plead and proved is whether the oral agreement constitutes a part of the written contract or whether, instead, it is a separate and distinct oral contract which is not inconsistent with the written contract. If the latter, it admits of pleading and proof. [Cits.] *S. & S. Builders v. Equitable Invest. Corp.,* 219 Ga. 557, 561 (134 SE2d 777) (1963)." *Diamondhead Corp. v. Robinson,* 144 Ga. App. 60, 61 (240 SE2d 572) (1977).

It is apparent in this case that the alleged oral agreement is not a "separate and distinct" contract consistent with the written agreement; rather, it expressly contradicts an essential provision of the written agreement.

(b) Appellant argues that the written agreement is ambiguous on its face because it fails to refer to any realty owned by the parties, and that this ambiguity may be explained by parol evidence of the oral agreement. He also maintains that he has a right under Code Ann. § 20-704 (1) to explain "all the attendant and surrounding circumstances" of the contract.

We agree with the trial court that the contract is unambiguous in language or form. Simply because an agreement does not control the disposition of property jointly owned by the parties does not make it an ambiguous instrument. This is especially true where no reference to any such property is made in the agreement.

It is an elementary proposition of contract law that attendant circumstances of a contract such as "looseness of language . . . [e.g.,] identification . . . , the subject matter and the duties to be performed . . . are subject to explanation." *Tanner v. Tinsley,* 152 Ga. App. 330, 331, supra. However, the only "attendant circumstances" which appellant offered to prove was the existence of the prior oral agreement. Under these facts he is not entitled to make this proof. We find this argument to be without merit.

(c) Appellant also contends that he should have been permitted to show the existence of the prior oral agreement in order to prove that appellee fraudulently signed the written agreement, never intending to execute a quitclaim deed of her interest in the condominium. Therefore, he argues, the trial court erred in finding he was not entitled to reform or rescind the written agreement.

Equity will not assist the appellant in seeking to reform or rescind a contract when it appears from appellant's own evidence that he included the contested provision in the agreement for the purpose of claiming an income tax deduction to which he knew he was not entitled. *Griggs v. Griggs,* 242 Ga. 96 (249 SE2d 566) (1978). We

find the "unclean hands" maxim applies to appellant and that he is not entitled to reform or rescind the contract based on appellee's allegedly fraudulent actions.

(2) Appellant next argues that the trial court erred in finding that the $3,000 in the written agreement was alimony and not a property settlement as "required" by this court's holding in *Hathcock v. Hathcock,* 246 Ga. 233 (271 SE2d 147) (1980). Even if we were to characterize the monthly payments as a property settlement within the meaning of *Hathcock,* there is nothing in the written agreement to suggest that this amount was paid as a property settlement in exchange for appellee's interest in the condominium. We, therefore, find this enumeration of error to be without merit.

(3) Last, appellant argues that the trial court's order granting the motion in limine is a "non sequitur" because it precludes him from presenting evidence of fraud to reform or rescind the written agreement, yet reserves the question of whether appellee has the right for specific performance[1] under the contention that she may have been guilty of fraud.

In view of the fact that appellant contends appellee is guilty of fraud, the trial court's order does not rule that such evidence of fraud will be admitted. The order simply reserves ruling on the matter. To reserve ruling on this matter is not inconsistent with granting the motion in limine.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1982 —
REHEARING DENIED FEBRUARY 24, 1982.

*Cook & Palmour, Bobby Lee Cook, E. Alan Armstrong,* for appellant.
*Bird, Scherffius, Flexner & Cronkright, William Q. Bird, Philip E. Tribble,* for appellee.

---

[1] The record in this case reflects that appellee does not seek specific performance as a remedy.