39238, 39239. WHITE v. LEE; and vice versa.

HILL, Chief Justice.

In September, 1975, while married to each other, Deborah Lee White and Sigurd Edward Lee purchased a condominium as tenants in common and jointly executed a note and a deed to secure debt. They separated in July, 1977, and the wife moved out. When they were divorced in November, 1977, their settlement agreement was incorporated into the decree, but it did not expressly refer to the condominium.

In August, 1979, the former wife filed a complaint in equity praying that the condominium be sold and the proceeds be equally divided. She also prayed that her former husband be required to pay her $275 for each month since the separation during which he occupied or leased the condominium. The husband sought to introduce into evidence an alleged contemporaneous oral agreement that the sum of $3000 denominated in the agreement as alimony to be paid by him to her was in fact payment for her share of the condominium. The trial court granted a motion in limine excluding this evidence on the ground that the agreement was unambiguous and could not be contradicted by the parol evidence offered. On interlocutory appeal, we affirmed. *Lee v. White,* 249 Ga. 99 (286 SE2d 723) (1982).

On remand, the husband's motion for summary judgment was granted in part. The trial court ruled (1) that the husband did not assume the obligation of the mortgage under paragraph 6 of the separation agreement; (2) that the wife is not entitled to any rents for the period during which the husband himself occupied the condominium; and (3) that the wife is liable to the husband for 1/2 of the expenses incurred in maintaining the condominium regardless of whether the husband had sole possession of the property.

The trial court denied the husband's motion for summary judgment as to the wife's claim for attorney fees, holding that she is entitled to present that claim to a jury. The wife appeals from the partial grant of summary judgment, and the husband appeals from the partial denial.

1. We have reviewed the settlement agreement and conclude that under paragraph 6 the husband agreed to make the payments on the note which had been jointly executed by the parties in 1975. The trial court erred in entering summary judgment for the husband on this issue.

2. The wife also complains of the trial court's ruling that she is not entitled to rents for the period during their separation and thereafter while the husband himself occupied the condominium.[1] The wife's claim for rents that accrued during separation and up to the time of the separation agreement, which was executed on October 7, 1977, is barred by the release provision in that agreement, which provides: "the parties shall and do mutually remise, release and forever discharge each other from any and [sic] claims, actions, suits, debts, demands and obligations whatsoever, both in law and equity, which each of them ever had, now has or may hereafter have against

---

[1] Neither party has appealed from the trial court's ruling that she is entitled to 1/2 of the rental proceeds received from third parties.

the other upon or by reason of any matter, cause or thing up to the date of execution of this Agreement." In addition, this claim as well as the wife's claim for rents up to the time of the divorce (November, 1977) is barred by the divorce decree itself. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. . . ." OCGA § 9-12-40 (Code Ann. § 110-501). We hold that where matters of alimony and property interests between the parties are decided in a divorce, by consent or otherwise, OCGA § 9-12-40 (Code Ann. § 110-501) operates to bar subsequent litigation between co-tenants of a claim for rents which accrued prior to the divorce.

While we have found no case on point with this one, i.e., where after a divorce and alimony decree has been entered, a former spouse has sued for rents which allegedly accrued to jointly owned property prior to the divorce, we are aware that at least one commentator states that analogous cases suggest a contrary rule. See McConaughey, Divorce, Alimony & Child Custody § 15-5 (2d ed. 1980). In one such case, *Price v. Price,* 205 Ga. 623 (4) (54 SE2d 578) (1949), we allowed a husband to litigate his claim that certain property titled in his wife's name was held in an implied trust for his benefit after a divorce in which alimony was awarded to the wife and minor children, even though the wife had claimed in her petition for divorce that the property was hers, and he did not counter that allegation.[2] In view of our holding that OCGA § 9-12-40 (Code Ann. § 110-501), supra, is applicable to divorce and alimony judgments, Division 4 of *Price v. Price,* supra, is hereby overruled.

3. Few spouses retain tenancies in common in the marital abode through and after a divorce. As a result of this joint tenancy, we have before us what is hopefully a unique case, involving equity (partition), property law (joint tenancy), and domestic relations law. The wife contends that she is entitled to rents from her former husband from the date of the divorce, (alternatively) that she is not liable for contribution toward the expenses of maintaining the condominium for the period during which the husband is not liable

---

[2] The court pretermitted the issue of whether the implied trust claim could have been raised, holding that the claim was not barred because the divorce decree "did not mention or affect the title to the property." Id. at 636. It is now clear beyond peradventure that one spouse's claim that the other spouse holds property in an implied trust for his or her benefit is cognizable in an action for divorce. *Talmadge v. Talmadge,* 241 Ga. 609 (247 SE2d 61) (1978).

for rent, that she is entitled to 1/2 the proceeds of the sale of the condominium with the balance due on the mortgage being payable by the husband, and that she is entitled to attorney fees. Both sides request a definitive decision to enable them to resolve their difficulties.

After reviewing the law applicable to the usual joint tenancies and applying it and equitable principles to the particular facts at hand, we find as follows in this case: The wife would be entitled to receive from her former husband her share of the rents from and after the time the condominium was leased to third parties, OCGA § 44-6-121 (b) (Code Ann. § 85-1003)[3] but she is not entitled to rents from her former husband during his occupancy of the premises in this case. See OCGA § 44-6-121 (a) (Code Ann. § 85-1003). The trial court was correct in so ruling. The former wife is not liable for contribution toward the expenses of maintaining the condominium for the period during which the husband is not liable for rent. Compare *Lovin v. Poss,* 240 Ga. 848 (2) (242 SE2d 609) (1978). The trial court erred in finding to the contrary. The balance due on the mortgage at time of sale of the condominium shall be paid before the proceeds from the sale are divided, *Taylor v. Sharp,* 221 Ga. 282 (1) (144 SE2d 390) (1965); OCGA § 23-1-10 (Code Ann. § 37-104), and the husband shall be liable for any deficiency. See Division 1, supra. The wife is not entitled to attorney fees. *Personal Thrift Plan v. Ga. Power Co.,* 242 Ga. 388 (5) (249 SE2d 72) (1978).

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MARCH 10, 1983 —
REHEARING DENIED IN CASE NO. 39239 MARCH 23, 1983.

*William Q. Bird, Philip E. Tribble,* for appellant.
*E. Alan Armstrong,* for appellee.