67331. KRAPF et al. v. WILES.

DEEN, Presiding Judge.

On August 10, 1982, Wiles, the appellee, purchased certain real property from the appellants. At that time, Wiles executed a promissory note for $23,000 and a deed to secure that debt in favor of the Krapfs. The deed to secure debt provided in part that Wiles would pay all taxes on the property as they became due, and that the appellants could declare the entire debt due upon the appellee's noncompliance with any of the deed's terms.

Prior to the sale of the property, the appellants had paid the first installment of the 1982 property taxes. The bill for the second installment, which was due November 15, 1982, was sent to the appellants, who apparently never forwarded the bill to the appellee or otherwise indicated to the appellee that the taxes were due, until the taxes were in fact overdue. On April 20, 1983, the appellants declared the entire indebtedness due from the appellee, the sole alleged default having been the appellee's failure to pay the remaining 1982 property taxes timely. (On May 23, 1983, the appellee paid the taxes in question.) Because the appellee did not tender payment of the entire indebtedness, the appellants instigated foreclosure proceedings which included a public sale of the property scheduled for June 7, 1983.

The appellee petitioned the superior court for a temporary injunction, which was granted by the court following a hearing on the matter. During that hearing, the court admitted, over the appellants' objection, testimony that at the time of the sale closing the appellants had orally promised the appellee that they would forward the next property tax bill to the appellee as soon as they received it. The Krapfs originally appealed the grant of the injunction to the Supreme Court, which transferred the case to this court. On appeal here, the

Krapfs contend that the court below erred in admitting the evidence of a collateral, oral agreement between them and the appellee. *Held:*

"It is elementary that prior and contemporaneous statements or agreements cannot be shown to vary, contradict, or change the terms of a valid written contract purporting on its face to contain all the terms of an agreement between parties." *Diamondhead Corp. v. Robinson,* 144 Ga. App. 60, 61 (240 SE2d 572) (1977). However, it is equally rudimentary that one party may establish by parol evidence a distinct, collateral oral agreement that is consistent with (and usually part of the consideration and/or inducement for) the written contract. *Tanner v. Tinsley,* 152 Ga. App. 330 (262 SE2d 602) (1979); *Cooper v. Merchantile Nat. Bank,* 137 Ga. App. 605 (224 SE2d 442) (1976); *Long v. Cash,* 54 ga. App. 764 (189 SE 73) (1936); *Diamondhead Corp. v. Robinson,* supra. In the instant case, we fail to see how the parol agreement that the appellants would forward the tax bill to the appellee so that the latter could timely pay the taxes could be said to vary or contradict the terms of the written deed to secure debt; such an agreement merely facilitated performance of the written agreement. Accordingly, the court below did not err in admitting the testimony concerning this parol agreement.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 3, 1984.

*Fred S. Clark,* for appellants.
*Albert N. Remler, DeVaul L. Henderson, Jr.,* for appellee.