## FEDERAL LAND BANK OF COLUMBIA *v.* BUSH *et al.*

No. 10244.   OCTOBER 11, 1934.

628

*N. L. Stapleton,* for plaintiff.   *J. A. Drake,* for defendants.

GILBERT, J.   The Federal Land Bank of Columbia brought suit against C. B. and Ethel Bush, husband and wife, seeking to set aside an alleged voluntary deed from the former to the latter, as made with intent to hinder, delay, and defraud creditors, for a deficiency judgment, and for other equitable relief.   The jury returned a verdict for the plaintiff against C. B. Bush, and in favor of Ethel Bush.   The plaintiff's motion for new trial was overruled, and it excepted.

One ground of the motion complains that the court erred in charging the jury as follows:   "The court further charges you that a voluntary deed made by the husband to the wife while the husband is solvent is a good deed as against his creditors.   If you believe by a preponderance of the evidence that C. B. Bush was solvent at the time of making the deed to his wife, Mrs. Ethel Bush, and that the deed was made for the purpose of hindering, delaying, or defrauding the plaintiff in this case, you should find in favor of the defendant, Mrs. Ethel Bush."   The criticism is that the charge was erroneous and injurious, in that its effect was to instruct the jury that a husband could convey to his wife, by voluntary deed, a portion of his property, if solvent at the time and able to pay his debts, if his total property was sufficient, including the part conveyed; whereas the court should have instructed the jury that if the effect of the husband's voluntary conveyance was to leave the husband with insufficient property to pay his debts, the voluntary conveyance would be void.   "An insolvent person can not make a valid gift to the injury of his existing creditors."   Civil Code (1910), § 4149.   A debtor is insolvent and his voluntary deed is void when, after such conveyance, property left or retained by the debtor is not ample to pay his existing debts.   *Drake* v. *Ward-Truitt Co.,* 149 *Ga.* 54, 56 (99 S. E. 125), and cit.

The remaining special grounds of the motion do not require a reversal, and are such as will not likely occur on another trial, or present no questions requiring special mention.

*Judgment reversed.   All the Justices concur.*