74553. TAYLOR v. CAREER CONCEPTS, INC.
(362 SE2d 128)

CARLEY, Judge.
Appellant-defendant, a Houston County resident, entered into a written contract, agreeing to pay a placement fee to appellee-plaintiff if it found him employment. Several months later, a job opening arose at Gandy's Industries, Inc. (Gandy's), a Bibb County corporation. Appellee contacted appellant about the job opening and eventually appellant was hired to fill the position at Gandy's. When payment of its

placement fee was not forthcoming, appellee brought this suit in Bibb County, naming both Gandy's and appellant as defendants. In its complaint, appellee alleged that Gandy's and appellant were jointly and severally liable for the placement fee and were subject to the jurisdiction of the Bibb County court. In his answer, appellant admitted entering into the written contract with appellee but contended that "he contracted only for job placement with employers who would pay the placement fee to [appellee]." Appellant also denied the allegation that he was subject to the jurisdiction of the Bibb County court.

Subsequently, Gandy's moved for summary judgment and its motion was granted. Appellee then moved for summary judgment as against appellant. The trial court conducted a hearing on the motion. At the hearing, appellant appeared and apparently defended against the motion on the merits. After the hearing, the trial court granted appellee's motion for summary judgment and appellant appeals from that order.

1. Contending that the Bibb County court did not have jurisdiction over him, appellant enumerates as error the trial court's entry of any judgment in the case.

It is undisputed that appellant was a resident of Houston County and that Gandy's was a resident of Bibb County. In its complaint, however, appellee had alleged that appellant and Gandy's were joint obligors. "Suits against joint obligors . . . residing in different counties may be tried in either county." Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. Accordingly, appellant's denial in his answer that he was subject to the jurisdiction of the Bibb County court was without merit. At that time, venue was proper in Bibb County as the residence of appellant's alleged joint obligor. "The only time the defense of lack of jurisdiction over the person of the nonresident [defendant] because of [his] nonresidency would be valid . . . is in the event of a judgment in favor of the resident joint defendant. . . . [Cit.]" *Lansky v. Goldstein*, 136 Ga. App. 607, 608 (2) (222 SE2d 62) (1975). Thus, it was only when summary judgment was subsequently granted in favor of Gandy's that venue in Bibb County became improper as against appellant. "[A]lthough suits against . . . joint obligors . . . may be brought in the county of the residence of any, if no judgment is taken against a resident defendant, the court loses venue as to the nonresident [defendant] *unless the issue of venue is waived.*" (Emphasis supplied.) *Timberlake Grocery Co. v. Cartwright*, 146 Ga. App. 746, 747 (247 SE2d 567) (1978). Accordingly, the issue for determination is whether, subsequent to the grant of summary judgment in favor of Gandy's, appellant waived his venue defense.

In *Maddox v. Brooks*, 17 Ga. App. 644 (87 SE 911) (1916), this court held "that if upon the trial of . . . a joint action the plaintiff fails to prove a joint undertaking, and dismisses as to the resident

defendant, the other defendant may still, *prior to verdict*, raise . . . the question of lack of jurisdiction. . . ." (Emphasis supplied.) After the trial court granted summary judgment in favor of Gandy's, appellee's action against appellant did not proceed to a trial and verdict. It did, however, proceed to the trial court's consideration of appellee's motion for summary judgment. Prior to the trial court's grant of appellee's motion for summary judgment, appellant never raised improper venue as a defense. "A party against whom summary judgment has been granted is in the same position as if he suffered a verdict against him. [Cits.]" *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974). Accordingly, appellant's failure to object to improper venue prior to the entry of the trial court's order was, in effect, a failure to raise the defense prior to suffering a verdict against him. By doing so, appellant waived any venue defense he possessed. This enumeration is without merit.

2. Appellant urges that the written contract is ambiguous and that the question of whether, under its terms, he was obligated to pay the placement fee to appellee should have been submitted to a jury.

One section of the contract provided that, upon appellant's acceptance of employment as a result of a referral from appellee, he agreed to pay the placement fee. Another section of the contract provided that, if appellant worked for the employer for more than ten weeks and the employer paid a fee to appellee, then appellant would not be liable to appellee for the fee. "[W]here no dispute of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court; a contract is not ambiguous even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties. [Cit.]" *Pisano v. Security Mgt. Co.*, 148 Ga. App. 567, 568 (251 SE2d 798) (1978). "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." OCGA § 13-2-2 (4). Construing the contract in the case at bar as a whole, appellant's obligation to pay the placement fee to appellee was subject to a condition subsequent. Appellant was liable for the fee unless a fee had been paid to appellee by the employer. The two sections of the contract are neither inconsistent nor ambiguous. Therefore, construction of the contract was a matter for the court rather than for a jury. See generally *Gulbenkian v. Patcraft Mills*, 104 Ga. App. 102 (121 SE2d 179) (1961). This enumeration is without merit.

3. Appellant urges that the trial court erroneously failed to consider evidence of an alleged separate oral agreement. According to appellant, he had a separate oral agreement whereby appellee would not refer him to any employer who would not pay the placement fee. "Pa-

rol testimony may be admitted . . . to show a distinct collateral understanding, although it may not contradict or vary the writing itself. [Cit.]" *Tanner v. Tinsley*, 152 Ga. App. 330, 331 (262 SE2d 602) (1979). " 'The test to determine whether the oral agreement is one which the law will permit to be [pled] and [proven] is whether the oral agreement constitutes a part of the written contract or whether, instead, it is a separate and distinct oral contract which is not inconsistent with the written contract. If the latter, it admits of pleading and proof. [Cits.]' [Cit.]" *Diamondhead Corp. v. Robinson*, 144 Ga. App. 60, 62 (240 SE2d 572) (1977). Appellant's alleged oral agreement would vary the terms of the written contract, in effect negating any obligation on the part of appellant to pay appellee a placement fee.

4. Under the written agreement, appellant was required to pay appellee a placement fee subject only to the condition subsequent that Gandy's had paid a fee to appellee. Since Gandy's had paid no fee to appellee, the trial court did not err in granting summary judgment in favor of appellee. Remaining enumerations not otherwise addressed have been considered and have been found to be without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 16, 1987.

*George C. Oetter, Jr.*, for appellant.
*William D. Gifford*, for appellee.