## A91A0833. REID v. CITY OF HOGANSVILLE et al.

(413 SE2d 457)

Judge Arnold Shulman.

The appellant filed suit against the appellees herein, consisting of the City of Hogansville, the Georgia Department of Transportation, and three of the department's employees, Edward C. Brown, Archie Burnham and David Studstill, seeking to recover damages for the alleged wrongful death of her eight-year-old son, who was struck and killed by an automobile while attempting to cross Georgia Highway 54 within the city limits of Hogansville. Also named as defendants in the action were Olden Dansby, the driver of a taxicab in which the decedent had been riding shortly before he was struck, and Joyce Driver, the operator of the vehicle which struck the decedent. However, the claims against these latter defendants have been dismissed with prejudice, apparently as the result of settlement agreements reached with them.

The claim against the Department of Transportation and its employees is based on allegations that they negligently established or recommended the establishment of a speed limit of 45 mph for the location where the accident occurred, without performing a traffic and engineering study at that location. The claim against the City of Hogansville is based on allegations that it failed to enforce its own ordinance requiring that taxicab businesses operating within the city maintain a bond or liability insurance coverage in the amount of $100,000 for the benefit of persons injured due to the negligence of their employees. The case is before us on appeal from the trial court's grant of summary judgment to these defendants.

1. The appellant contends that the speed limit at the location in question was required by OCGA § 40-6-181 to be set at 30 mph, absent a joint determination by the commissioner of public safety and the commissioner of transportation, predicated on a traffic and engineering investigation, that a higher speed limit was appropriate at that location.

The accident occurred in a residential district located within the city limits of Hogansville. OCGA § 40-6-181 (b) specifies, in pertinent

part, that the maximum speed limit on a state highway shall be: "(1) Thirty miles per hour in any urban or residential district. . . ." However, subsection (c) of this Code section provides that a speed limit which would otherwise apply thereunder "may be altered as authorized in Code Sections 40-6-182 and 40-6-183." OCGA § 40-6-182 specifies, in pertinent part, that "[w]henever the commissioner of public safety or the commissioner of transportation shall determine upon the basis of an engineering and traffic investigation that any maximum speed set forth in this article is greater or less than is reasonable or safe under the conditions found to exist . . . upon any part of the state highway system, they may jointly determine and declare a reasonable and safe maximum speed limit at such place, which shall be effective when appropriate signs giving notice thereof are erected." OCGA § 40-6-183 provides that the governing authority of an incorporated municipality or county "(b) . . . in its respective jurisdiction shall determine by an engineering and traffic investigation the proper maximum speed for all arterial streets and shall declare a reasonable and safe maximum speed limit thereon which may be greater or less than the maximum speed permitted under this chapter for an urban district, but in no case shall the maximum be established at higher than 55 miles per hour."

It is evident without dispute that the speed limit at the location in question was not set pursuant to OCGA § 40-6-182 — that is, by joint action of the commissioners of transportation and public safety. Appellee Brown submitted an affidavit averring that he had performed engineering and traffic investigations for the subject portion of Highway 54 in 1983 and 1985, and further averring that the speed limit for this location was set at 45 mph by the City Council of Hogansville in 1985. A copy of the ordinance in question is attached to this affidavit, and there appears to be no dispute as to its authenticity. However, in support of its motion for summary judgment, the City of Hogansville submitted an affidavit from another DOT employee, Jerry J. Dubberly, who identified himself as the General Operations Engineer for the Office of Traffic and Safety for the Georgia Department of Transportation and who averred that "[i]t [was] the Georgia Department of Transportation and not the City of Hogansville, which actually determined and set the speed limit at 45 miles per hour."

There seems to be no question that the city was authorized by OCGA § 40-6-183 (b), supra, to set a 45 mph speed limit at the location in question, and as previously indicated, it is apparent without dispute that the city passed an ordinance in 1985 doing so. We have been cited to no statutory authority under which the DOT would have been authorized to preempt the city's action in this regard merely to set its own identical speed limit at this location, nor can we

conceive of any reason why the DOT would have been motivated to take such action. Compare *Mayor &c. of Woodbury v. State Hwy. Dept.*, 225 Ga. 723 (1) (171 SE2d 272) (1969) (holding that in view of the existence of former Code Ann. § 68-1610 (a) and (b), conferring upon the State Highway Board the exclusive authority to place and maintain traffic control devices on state highways, former Code Ann. § 68-1628, a predecessor statute to OCGA § 40-6-183, could not be construed as conferring upon local authorities the power to install and maintain such devices on state highways). Accordingly, in the absence of some explanation as to what action purportedly was taken by the DOT to set the speed limit and when it occurred, we consider Mr. Dubberly's affidavit testimony on this issue to be nothing more than an unsupported legal conclusion. See generally *Hinson v. Dept. of Transp.*, 135 Ga. App. 258, 260 (2) (217 SE2d 606) (1975). As such averments are without probative value, see generally *City of Cordele v. Turton's, Inc.*, 163 Ga. App. 327, 329 (293 SE2d 560) (1982), we therefore conclude that the evidence of record establishes without dispute that the speed limit at the location in question was set by city ordinance pursuant to OCGA § 40-6-183 (b). Accordingly, we hold that the DOT was properly awarded summary judgment on the appellant's claim that it set the speed limit in contravention of the procedures set forth in OCGA § 40-6-182.

2. The appellant contends that, acting in their capacity as Department of Transportation employees, appellees Brown, Burnham and Studstill negligently and unlawfully recommended a speed limit of 45 mph for the location in question without the benefit of an engineering and traffic study. However, it is apparent without dispute from affidavits submitted by Brown and other departmental employees that the recommendation in question was in fact predicated on a traffic and engineering study performed by Brown himself. Moreover, the making of this recommendation was quite obviously a discretionary rather than a ministerial function. "[I]f the [public] employee acted in his official capacity and the challenged act involved the performance of a discretionary duty, the employee is entitled to the defense of official immunity provided the act complained of was not malicious, wilful, or corrupt, or done in reckless disregard for the safety of others." *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). See generally *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980). There being no allegation or suggestion that these employees acted maliciously or in reckless disregard of the public safety in recommending a 45 mph speed limit for the location in question, the trial court did not err in granting their motion for summary judgment.

3. The appellant contends that the trial court erred both in striking certain affidavit testimony she had obtained from several area res-

idents to the effect that a speed limit of 45 mph was too high for the location in question and in ruling that an expert witness retained by her had failed to express an opinion on this issue during his deposition. Again, however, it was the governing body of the municipality which set the speed limit, and neither it nor any of the other parties named as defendants in this case can be held liable for any error in judgment it may have made in so doing. See generally OCGA § 36-33-1 (b); *McCrary Eng. Corp. v. City of Bowdon*, 170 Ga. App. 462 (1), 464-465 (317 SE2d 308) (1984). Accordingly, these evidentiary rulings establish no ground for reversal.

4. As previously indicated, the appellant's claim against the City of Hogansville was predicated on its alleged failure to enforce its own ordinance requiring taxicab businesses licensed by it to maintain a bond or liability insurance coverage in the amount of $100,000 in favor of persons injured due to the negligence of their agents or employees. However, inasmuch as the appellant has dismissed her claims against Mr. Dansby and his taxicab company with prejudice, she is no longer in a position to establish the extent, if any, to which their lack of insurance coverage or other assets prevented her from obtaining full recovery for her injuries. It follows that the trial court did not err in granting the city's motion for summary judgment on this claim.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 28, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 — ▬▬▬▬

*Thomas E. Maddox, Jr., William M. Warner*, for appellant.
*Michael J. Bowers, Attorney General, Eric A. Brewton, Assistant Attorney General, Chambers, Mabry, McClelland & Brooks, Eugene P. Chambers, Jr., V. Jane Reed*, for appellees.