A91A1550. RANDALL & NEDER LUMBER COMPANY, INC. et
al. v. RANDALL et al.
A91A1551. NEDER et al. v. BOWEN-ROGERS HARDWARE
COMPANY, INC. et al.
(414 SE2d 718)

POPE, Judge.

Both of these cases stem from the operation of Randall & Neder Lumber Company, Inc. ("Randall & Neder"). While that corporation existed, George Neder was the sole stockholder of the corporation. Both Neder and his wife were directors of the corporation. Allen Randall was initially the President/Treasurer and Chairman of the Board of Directors. Randall's spouse, Valeria Randall, was the Secretary/Office Manager for the corporation. The Randalls also served on the corporation's board of directors. The Randalls resigned from their respective positions in September 1986. Ms. Neder became President of the corporation in December 1986.

Prior to the formation of the subject corporation, Allen Randall was involved in another lumber company named Randall & Lewis Lumber Company ("Randall & Lewis"). At the time Randall & Lewis ceased operations, it was heavily in debt.

*Case No. A91A1550*

In the complaint filed by appellants/plaintiffs George Neder and Randall & Neder Lumber Company, Inc., the plaintiffs charge that appellees/defendants Allen and Valeria Randall took plaintiffs' individual and corporate funds and wrongly converted them to their own use. Defendants do not deny that certain funds from the Randall & Neder account were used to pay the debts of Randall & Lewis. They deny any liability to the plaintiffs, however, because they contend those payments were authorized by Neder. Defendants also counterclaimed against Neder seeking sums they claim he had agreed to pay but failed to pay. A jury trial was held in this case and the jury returned a verdict in favor of defendants on the main claim and in favor of Neder on the counterclaim. Plaintiffs filed a motion for new trial which was denied.

Plaintiffs contend the trial court erred in denying their motion for new trial because no credible evidence was introduced by defendants to negate their right to recover, and thus the verdict is contrary to the evidence and law. Randall testified that Neder gave verbal authorization of payments of the debts of Randall & Lewis so Randall & Neder would continue to have use of certain necessary equipment for a sawmill operation, which was formerly used by Randall & Lewis. He acknowledged, however, that approximately one month after the corporation was formed a resolution of the stockholders and the board of

directors was passed which provided, inter alia, that Randall & Neder would assume no debts or obligations of Randall & Lewis or personal obligations of Allen Randall or Valeria Randall. The resolution further provided that "no loans shall be made without the written authorization from the principal stockholder, George Neder." The plaintiffs contend, therefore, that Randall's testimony is self-contradictory and must be construed strongly against him, leaving no credible evidence to support the jury's verdict. See *Douglas v. Sumner*, 213 Ga. 82 (97 SE2d 122) (1957). We do not agree.

" 'Even if the contract provides it may not be changed except by writing, parties may subsequently by mutual consent enter into a new agreement at variance with the other. (Cit.)' [Cit.] The modified agreement 'need not be expressed in words, in writing or signed, but the parties must manifest their intent to modify the original contract.' [Cit.] '(W)hether there has been such a mutual and intended departure so as to make practically a new agreement is generally a question for (the fact finder) to determine.' [Cit.]" *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48, 49 (1) (B) (305 SE2d 864) (1983). In this case, there was sufficient evidence for the jury to find the parties had agreed to modify their original agreement. First we note Randall's testimony that Neder agreed orally to modify the written resolution is not contradictory, but merely explains why certain actions were taken by the parties that were not consistent with the terms of the resolution. Furthermore, not only did Allen Randall testify that Neder had agreed to depart from the terms of the resolution, but Valeria Randall testified that she had Neder's permission to pay the debts of Randall & Lewis. "This court will not disturb a judgment when there is any evidence to sustain it, in the absence of a material error of law. If the verdict is wholly without supporting evidence, it will be set aside, but where the evidence is in conflict and a properly instructed jury resolves the conflicts against the plaintiff, and that decision is approved by the trial judge and is supported by the evidence of record, this court, in the absence of material errors of law, will affirm." (Citations and punctuation omitted.) *Franklin v. Hennrich*, 196 Ga. App. 372, 373-374 (395 SE2d 859) (1990). In this case the jury simply resolved conflicting evidence in favor of the defendants, and we will not disturb their verdict.

*Case No. A91A1551*

This action was brought by certain creditors of Randall & Neder against George and Joyce Neder seeking judgments against them in the amount owed to the creditors by Randall & Neder and seeking to set aside certain transfers of property and monies by Randall & Neder as impermissible preferences. Specifically, the creditors sought

to set aside a conveyance to George Neder on December 10, 1986, in the amount of $10,332.04; a conveyance to Joyce Neder on May 29, 1987 in the amount of $3,500; and a conveyance of two parcels of land containing 51.01 acres and 39.7 acres, respectively, to Joyce Neder on April 22, 1987.

After a jury trial was conducted, the jury found in favor of the plaintiffs and awarded them $21,223.29 plus interest. The defendants moved for a new trial on general grounds, which the trial court denied. On appeal, the defendants argue the trial court erred in denying its motion for new trial because the plaintiffs failed to prove that at the time the transfers were made the corporation was insolvent or that the purpose and intent of the transfers was to prefer themselves over the corporation's creditors.

1. Officers/directors of corporations may be held personally liable for corporate indebtedness when they make preferential transfers of corporate assets to themselves while the corporation is insolvent. *Ware v. Rankin*, 97 Ga. App. 837 (3) (104 SE2d 555) (1958). Thus, we must determine whether the corporation was insolvent at the time the transfers were made. In a similar case, the Georgia Supreme Court held the debtor was insolvent "if after the voluntary deed or conveyance, the property left or retained by the debtor is not ample to pay his existing debts." *Chambers v. C & S Nat. Bank*, 242 Ga. 498, 501-502 (249 SE2d 214) (1978); accord *New England Mut. Life Ins. Co. v. Childs*, 185 Ga. 198, 202-203 (194 SE 561) (1937); *Federal Land Bank v. Bush*, 179 Ga. 627, 628 (176 SE 639) (1934); *Drake v. Ward-Truitt Co.*, 149 Ga. 54, 56 (99 SE 125) (1919). Defendants contend the testimony of their expert, a certified public accountant, that the corporation was solvent at the time of the transfers in question, was sufficient to establish the corporation's solvency. A review of the transcript reveals that the plaintiffs presented the testimony of certain witnesses showing certain debts of the corporation in the fall of 1986 were never paid by the corporation. Plaintiffs also presented evidence that certain liabilities of the corporation were not included on some of the financial reports on which defendants' expert based his opinion. In sum, sufficient evidence existed for the jury to determine that at the time of the transfers the corporation did not have sufficient property left to pay its existing debts. Accordingly, the trial court did not err in failing to grant defendants' motion for directed verdict or motion for new trial on that basis.

2. Defendants further contend insufficient evidence was presented to support the jury's finding that the defendants intended to prefer themselves over the corporation's other creditors when making the transfers. Defendants contend the allegation of intent to self-deal at the creditor's expense is negated by defendants' evidence that they were not aware that the corporation was insolvent at the time of

the transfers and that it was not Joyce Neder's intent in making the transfers to prefer the defendants over the corporation's other creditors. Evidence was presented showing the corporation had consistently lost money since it was created and that the defendants were aware of those losses at the time of the transfers. Based on that evidence, the jury could have concluded that the defendants' decision to transfer the assets out of the corporation was prompted by self-dealing. Construing the evidence in the light most favorable to support the jury's verdict, as we must, we conclude the trial court did not err by refusing to grant the defendants' motion for new trial on this basis.

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992.

*Cheney & Cheney, Curtis V. Cheney, Jr.,* for appellants.
*Callaway, Neville & Brinson, William E. Callaway, Jr., Benjamin P. Brinson,* for appellees.