## A02A1894. HODGE v. HOWES.
(578 SE2d 904)

PHIPPS, Judge.
On June 10, 1997, Shawn Howes sued Kings Bay Chrysler Plymouth Dodge, a Georgia corporation, for wrongful foreclosure, conversion, trespass, and personal injury. Gilbert Hodge was the sole share-

---

holder and chief executive officer of Kings Bay. By January 1998, Kings Bay had sold its assets and distributed the proceeds to Hodge. On June 26, 1999, a default judgment was entered in favor of Howes in his suit against Kings Bay in the amount of $36,212. The judgment was uncollectible because Kings Bay was insolvent. Howes then sued Hodge, claiming that Hodge was liable for the judgment entered against Kings Bay to the extent of the distributions made to Hodge by Kings Bay. In his answer, Hodge denied liability and further asserted that, as a Texas resident, he was not subject to personal jurisdiction and moved to dismiss on that ground.[1] Howes and Hodge subsequently filed cross-motions for summary judgment, and the trial court entered summary judgment on the merits for Howes and awarded damages of $36,212. Hodge appeals. Finding no error, we affirm.

1. Hodge claims that the trial court should not have entered summary judgment against him because it did not rule on his motion to dismiss for lack of personal jurisdiction. We disagree because, by his actions, Hodge waived his jurisdictional defense.

> In order for a defendant's acts to serve as a waiver of his previously asserted objection to jurisdiction, his acts or omissions to act, relied on, should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible.[2]

Hodge moved for summary judgment on the merits without reasserting or reserving the jurisdictional objections made in his answer. In *Hoffman v. Fletcher*,[3] we found that the defendant, who moved for summary judgment without reasserting the affirmative defense of lack of venue, had waived that defense. We can discern no reason why moving for summary judgment while failing to reserve or reassert an affirmative defense of lack of personal jurisdiction[4] should be treated differently.

The result in *Hoffman* can be contrasted to cases such as *Hight v. Blankenship*,[5] in which the movant for summary judgment expressly reserved the defense of improper service of process in the

---

[1] The motion was part of the answer.

[2] (Citation and punctuation omitted.) *Marsh v. Wright Mem. Mortuary*, 197 Ga. App. 736-737 (1) (399 SE2d 232) (1990).

[3] 244 Ga. App. 506, 509 (3) (535 SE2d 849) (2000).

[4] See OCGA § 9-11-12 (b).

[5] 199 Ga. App. 744 (406 SE2d 241) (1991).

motion and so was found not to have waived the defense.[6] *Baiye v. Gober*[7] may also be distinguished. In *Baiye*, the defendant raised its jurisdictional defense, but then did not respond to the plaintiff's motion for summary judgment. We found that the trial court acted prematurely by ruling on the plaintiff's motion for summary judgment without addressing the defendant's lack of personal jurisdiction defense.[8] But in contrast to Hodge's action here, the defendant in *Baiye* never actively and without reservation participated in the merits of the litigation.

We have also found that a party may waive the defense of improper venue by failing to elicit a ruling on the defense before entry of a ruling on the merits or commencement of trial.[9] As recognized in *Taylor v. Career Concepts*,[10]

> [a] party against whom summary judgment has been granted is in the same position as if he suffered a verdict against him. Accordingly, appellant's failure to object to improper venue prior to the entry of the trial court's order was, in effect, a failure to raise the defense prior to suffering a verdict against him. By doing so, appellant waived any venue defense he possessed.[11]

We conclude that Hodge's actions in (i) moving for summary judgment without reserving or reasserting his jurisdictional defense, and (ii) actively participating in the litigation and allowing final judgment to be issued without asking the trial court to address his jurisdictional defense are "manifestly consistent with and indicative of an intention to voluntarily relinquish" his defense of lack of personal jurisdiction.

2. Hodge contends that, because he was not named as a party defendant in Howes's 1997 suit against Kings Bay, the default judgment against Kings Bay cannot be enforced against him. This argument fails because Howes's action against Hodge was not an action to

---

[6] See also *Roberts v. Bienert*, 183 Ga. App. 751, 755 (2) (360 SE2d 25) (1987) (jurisdictional defense reasserted in motion for summary judgment); *Millard v. Millard*, 204 Ga. App. 399, 403 (2) (419 SE2d 718) (1992) (response to motion for summary judgment reserved jurisdictional defense).

[7] 254 Ga. App. 288, 289 (2) (562 SE2d 249) (2002).

[8] Id.

[9] *Williams v. Willis*, 204 Ga. App. 328, 329 (419 SE2d 139) (1992).

[10] 184 Ga. App. 551 (362 SE2d 128) (1987).

[11] (Citation and punctuation omitted.) Id. at 553 (1). See *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622 (396 SE2d 790) (1990) (physical precedent only). See also *Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641, 643 (3) (507 SE2d 823) (1998) ("[A] defendant has the obligation to bring [the] affirmative defense [of insufficient service of process] to the attention of the court at the proper time if he wishes to make an issue of it.").

enforce the default judgment entered against Kings Bay. *Hartley v. Shenandoah*,[12] relied upon by Hodge, is factually inapposite because it does not concern a claim of improper distribution of assets.

3. Hodge argues that, when Kings Bay sold its assets and distributed the proceeds to him, Howes was not a creditor of Kings Bay, and Howes only became its creditor upon obtaining the default judgment against the corporation. However, under OCGA § 18-2-1, an unliquidated tort claim may create a debtor-creditor relationship. "[A] person having a claim for unliquidated damages, because of an injury tortiously committed upon him, was, though not in a technical sense a creditor, nevertheless within the protection of the statute."[13] "Whenever one person, by contract or by law, is liable and bound to pay to another an amount of money, certain or uncertain, the relation of debtor and creditor exists between them."[14]

4. Hodge contends that even if Howes could be considered Kings Bay's creditor at the time of the asset sale and distribution, issues remained for the jury. We disagree.

> Officers/directors of corporations may be held personally liable for corporate indebtedness when they make preferential transfers of corporate assets to themselves while the corporation is insolvent. Thus, we must determine whether the corporation was insolvent at the time the transfers were made.[15]

The undisputed facts show that all of the assets of Kings Bay were distributed to Hodge while Howes's suit remained pending against the corporation, leaving the assets of the corporation in the hands of an officer and director and the corporation unable to satisfy any judgment against it. Hodge nevertheless contends that, as the purported recipient of a fraudulent transfer, damages against him are warranted only by a showing of bad faith on his part, and that his bad faith, if any, is a matter for a jury. Our Supreme Court has stated that

> [t]he legislature obviously did not intend the taking party to be liable for general and punitive damages under OCGA § 18-2-22 based *solely upon the fraudulent conveyance* with-

---

[12] 170 Ga. App. 868 (318 SE2d 508) (1984).

[13] *Banks v. McCandless*, 119 Ga. 793, 798 (2) (47 SE 332) (1904).

[14] OCGA § 18-2-1.

[15] (Citation omitted.) *Randall & Neder Lumber Co. v. Randall*, 202 Ga. App. 497, 499 (1) (414 SE2d 718) (1992).

out proof of bad faith, actual fraud, or conspiracy on his part.[16]

However, the undisputed facts show that Hodge was the sole shareholder and chief executive officer of Kings Bay, and as such knew of Howes's action against the corporation, and that he caused the distribution of all of the corporation's assets to himself. It follows that Hodge's liability does not rest "solely upon the fraudulent conveyance" of the debtor Kings Bay, but on his own actions.

5. Finally, Hodge brings our attention to the principle that a debtor may prefer one creditor over another.[17] But this principle does not authorize a corporate fiduciary of an insolvent corporation to prefer himself over other corporate creditors.[18]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 7, 2003 — ▮▮▮▮▮▮▮▮▮▮

*Savage, Turner, Pinson & Karsman, Stanley Karsman, Ashleigh R. Madison*, for appellant.
*Killian & Boyd, Robert P. Killian*, for appellee.

---

[16] (Emphasis supplied.) *Kesler v. Veal*, 257 Ga. 677, 678 (362 SE2d 214) (1987). OCGA § 18-2-22 was repealed by Ga. L. 2002, p. 141, § 2, effective July 1, 2002.

[17] OCGA § 18-2-40.

[18] See *Randall & Neder*, supra.