A04A0181. MORRIS v. GAVIN, INC. et al.
(603 SE2d 1)

BLACKBURN, Presiding Judge.

In this case involving claims for damages resulting from tortious conduct in the conduct of an auction in North Carolina, Theresa Morris appeals the grant of summary judgment to Gavin, Inc. and Gavin H. Abadi. Morris contends that the testimony of Karen Westergreen creates an issue of material fact precluding summary judgment. This is appellant's sole enumeration of error. For the reasons which follow, we affirm.

> Under OCGA § 9-11-56 (c), to prevail the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. The moving party may discharge its burden by pointing out by reference to affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. When reviewing the grant of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence.

(Citations omitted.) *Smith v. Lewis.*[1]

Viewed in a light favorable to Morris, the evidence shows that Morris is a licensed auctioneer who began working with Gavin, Inc. in October 1999. On November 20, 1999, Morris conducted an auction in Charlotte, North Carolina, for Gavin, Inc. North Carolina law requires that both the firm staging an auction, as well as the person conducting the auction, be licensed. North Carolina law also requires

---

[1] *Smith v. Lewis,* 259 Ga. App. 548 (578 SE2d 220) (2003).

that the name and license number of the auctioneer be included in any advertisement for an auction.

Because the advertisement for the Charlotte auction did not contain Morris's name, Morris was contacted by the North Carolina Auctioneer Licensing Board.[2] In a letter dated December 6, 1999, Morris informed the Licensing Board that the omission of her name from the advertisement was a mere oversight; she explained that someone else had handled the advertisement, that she usually reviewed all advertisement proofs prior to their publication but had been out of town that week and had not had an opportunity to review the proofs. Morris also notified the Licensing Board of various names she would be using when conducting auctions in North Carolina. Morris testified that she decided to use the Gavin, Inc. name for the auction, even though she learned from Gavin Abadi, prior to writing the December 6, 1999 letter to the Licensing Board, that Gavin, Inc. did not possess a firm auctioneer license in North Carolina.

Despite its illegality, the auction was to be held on January 9, 2000, in Greensboro, North Carolina. When Morris arrived for the auction, she was met by a representative of the Licensing Board and arrested for contracting and advertising for an auction without a license. A complaint was filed against Morris, and she paid a fine and incurred legal expenses to resolve the charges against her.

Morris was the subject of an administrative complaint in Texas based on her actions in North Carolina. The complaint was subsequently dropped, and no fine was levied. Morris is also the subject of an unresolved complaint in Louisiana. In addition, Morris claims that Gavin, Inc. has conducted auctions in other states using her name and license number without her consent and has applied for auctioneer licenses in her name in other states without her knowledge or consent. However, in her deposition testimony, Morris admitted that she had not suffered any damages from the use of her name or license by Gavin, Inc.

Morris enumerates as error the trial court's determination that there were no issues of material fact and defendants were entitled to summary judgment. Morris contends that Westergreen testified that Morris had been cited because Gavin, Inc. had been banned from doing auctions in North Carolina. We disagree. Such unsupported legal conclusions are without probative value and cannot prevent the

---

[2] While Morris alleged in her complaint that it was the responsibility of Gavin, Inc. to place the advertisement for the Charlotte auction and that Gavin, Inc. ran an illegal advertisement by failing to include the proper information in the advertisement, Morris acknowledged in her deposition and in the December 6, 1999 letter to the North Carolina Auctioneer Licensing Board that the advertisement had been placed by Debbie Fisher on Morris's behalf.

entry of summary judgment. *Reid v. City of Hogansville.*[3] In this case, there are no facts in the record supporting Westergreen's conclusory averment as to the cause of Morris's arrest.

In order to recover for tortious conduct under Georgia law, there must be the violation of a duty of the defendant to the plaintiff which causes harm to the plaintiff and results in damages.[4] We find no evidence in the affidavits, depositions, and other documents in the record that either Gavin, Inc. or Abadi violated a duty owed to Morris which resulted in injury to her.

In her deposition, Morris acknowledges that she knew, as of December 6, 1999, that Gavin, Inc. could not legally hold an auction in North Carolina without having a firm auctioneer license from that state, yet she proceeded to conduct an auction in North Carolina in January 2000. She was, in fact, arrested by North Carolina authorities for holding an auction without the proper license. Her arrest was the result, therefore, of her own actions rather than the violation of a duty the appellees owed her.

As Morris has failed to enumerate her claim under the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act, we will not consider same. *McPetrie v. State.*[5]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JUNE 10, 2004 —
RECONSIDERATION DENIED JULY 28, 2004 — 

*Glenville Haldi*, for appellant.
*William F. Rucker*, for appellees.

---

[3] *Reid v. City of Hogansville*, 202 Ga. App. 131, 132 (413 SE2d 457) (1991).
[4] OCGA § 51-1-1.
[5] *McPetrie v. State*, 263 Ga. App. 85 (587 SE2d 233) (2003).