**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 11, 2013**

# In the Court of Appeals of Georgia

A13A0338. ROME v. POLYIDUS PARTNERS LP.

BARNES, Presiding Judge.

Polyidus Partners LP sued Ward Rome for breach of contract and other claims arising out of Rome's alleged failure to pay the outstanding principal and interest on a loan extended by Polyidus to Rome. The trial court granted summary judgment to Polyidus and denied Rome's cross-motion for summary judgment. Rome appeals from the grant of summary judgment to Polyidus, and we reverse because genuine issues of material fact remain as to whether Rome is indebted to Polyidus and, if so, the amount of the debt.

We review the grant of a motion for summary judgment de novo, viewing "the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Cowart v. Widener*, 287 Ga.

622, 624 (1) (a) (697 SE2d 779) (2010). So viewed, the record shows that on December 31, 2004, Robert Thomas, III, a principal of Polyidus, transferred $250,000 to Rome's account in Missouri via wire transfer. Rome averred that the funds were loaned to him by Thomas, individually, and were to be repaid with no defined terms, interest rate, or repayment schedule. According to Rome, on September 6, 2005, he transferred $250,000 to the account of Polyidus in Thomasville, Georgia, as directed by Thomas, in satisfaction of any indebtedness he owed to Thomas. Rome further averred that after Thomas demanded an additional payment of interest, Rome paid $11,500 to Thomas on or about November 11, 2005, with Rome's understanding that this payment was in full satisfaction of the obligation arising from the $250,000 funds previously transferred to Rome on December 31, 2004.

Notwithstanding Rome's understanding that he had paid the obligation in full, Polyidus sued Rome on December 6, 2010, claiming that on December 31, 2004, Polyidus loaned $250,000 to Rome at an interest rate of 10 percent, with the principal to be repaid "over time." According to the complaint, Rome had repaid $100,000 of the principal and had made periodic interest payments but was in default on his agreement to repay the remaining $150,000 plus interest.

2

Rome filed a special appearance and responded to the complaint subject to the defense of lack of personal jurisdiction. On November 30, 2011, Polyidus moved for summary judgment relying on Thomas's affidavit, although the affidavit was not served on Rome until January 3, 2012. Rome later filed his cross-motion for summary judgment, his reply to Polyidus's motion for summary judgment, and his supporting affidavit. On January 26, 2012, the date of the hearing on Polyidus's summary judgment motion, Polyidus filed Thomas's second affidavit. After considering Rome's objection to the timeliness of Thomas's first affidavit, the trial court granted Rome additional time to respond to Polyidus's summary judgment motion.[1] On July 3, 2012, the trial court entered its order denying Rome's motion for summary judgment, granting Polyidus's motion for summary judgment, and ordering that Polyidus recover from Rome principal in the amount of $150,000 and prejudgment interest in the amount of $70,685.51. Rome appeals.

---

[1] Rome contends that he also objected to the timeliness of Thomas's second affidavit. In support of this assertion, Rome has attached his attorney's affidavit to his appellate brief. We cannot consider such an affidavit. See Court of Appeals Rule 24 (g) ("Documents attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, shall not be considered on appeal."). Polyidus's motion to strike the affidavit is granted.

1. Rome asserts that the trial court lacked personal jurisdiction over him. The trial court, however, never ruled on the matter. It is nevertheless appropriate for us to consider whether the trial court's ruling on the merits of the case was premature. "[W]hen the record reflects that a judgment was rendered by a court which has failed to address [a properly preserved jurisdictional issue], this Court on its own motion will reverse the judgment and remand the case for consideration of the pending . . . jurisdictional issue[]." *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991). Notably, although Rome raised the issue of lack of personal jurisdiction in his initial response to the complaint, Rome moved for summary judgment without reasserting or reserving his defense that the court lacked personal jurisdiction. Rome points out that among the facts asserted in his brief in support of his motion for summary judgment was that the transaction forming the subject matter of the complaint was conducted "orally or electronically while [Rome] was a resident of Missouri and at no time was he present in Georgia." But Rome's argument in support of his motion for summary judgment was based solely on the merits of the case and could not be reasonably be construed as a motion to dismiss for lack of jurisdiction, nor did he indicate that he was reserving the jurisdictional defense. In addition, Rome actively participated in the litigation and allowed the case to proceed to final

4

judgment without asking the trial court to rule on his claim that the court lacked personal jurisdiction. Thus, as in *Hodge v. Howes*, 260 Ga. App. 107, 109 (1) (578 SE2d 904) (2003), Rome's actions were "manifestly consistent with and indicative of an intention to voluntarily relinquish his defense of lack of personal jurisdiction." (Punctuation omitted) Id. (finding jurisdictional defense waived where defendant moved for summary judgment without reserving or reasserting the defense, actively participated in the litigation, and allowed final judgment to be entered without seeking a ruling thereon). Compare *Hight*, 199 Ga. App. at 745 (where defendant reasserted his defenses in abatement in motion for summary judgment, a ruling on merits of the case without addressing the issues in abatement was premature); *Baiye v. Gober*, 254 Ga. App. 288, 289-290 (2) (562 SE2d 249) (2002) (notwithstanding defendants' failure to respond to plaintiff's motion for summary judgment, it was premature for the trial court to rule on the merits of the case without addressing defendants' service and jurisdictional defenses). We find, therefore, that the trial court did not act prematurely in ruling on the merits.

2. Rome also claims that the trial court erred in granting Polyidus's motion for summary judgment because there remain genuine issues of material fact. We agree.

Summary judgment is warranted when any material fact is undisputed, as shown by the pleadings and record evidence, and this fact entitles the moving party to judgment as a matter of law. So, to prevail on a motion for summary judgment, the moving party must show that there is no genuine dispute as to a specific material fact and that this specific fact is enough, regardless of any other facts in the case, to entitle the moving party to judgment as a matter of law.

(Citations and punctuation omitted.) *Strength v. Lovett*, 311 Ga. App. 35, 39 (2) (714 SE2d 723) (2011). Here, Rome averred that all relevant dealings were between Rome and Thomas, individually, and that it was agreed that the funds transferred from Thomas to Rome on December 31, 2004 could be repaid as cash became available to Rome. According to Rome, "[o]n or about September 6, 2005 [he] transferred the sum of $250,000[], as directed by [] Thomas, from [Rome] in Missouri to the account of Polyidus[], . . . in full payment and satisfaction of any indebtedness to [] Thomas." As part of this averment, Rome specified Polyidus's account number, the routing transit number, and the name and address of the bank to which the funds were transferred. Rome also averred that after Thomas demanded interest on the monies previously paid by Rome, he paid Thomas $11,500 on November 11, 2005, and that Rome understood that payment to be in full satisfaction of the obligations arising from the transfer of $250,000 on December 31, 2004.

6

We must conclude that the foregoing was sufficient to preclude the grant of summary judgment to Polyidus.[2] The underlying complaint arises from an oral agreement for which the terms and even the identity of the contracting parties is in dispute. "[W]here there is a conflict in the evidence as to the existence of an oral contract or as to its terms, the matter must be submitted to a jury for resolution." (Punctuation and footnote omitted.) *Dover v. Mathis*, 249 Ga. App. 753, 754 (549 SE2d 541) (2001). Polyidus argues that the trial court nevertheless "recognized that [Rome] had lied under oath" and so entered summary judgment in favor of Polyidus. But neither we nor the trial court can assess Rome's credibility for purposes of summary judgment, and his affidavit is not shown to be legally incompetent. See *Quarles v. Quarles*, 285 Ga. 762, 763 (683 SE2d 583) (2009) (questions of witness credibility are for the factfinder). Although Polyidus asserts that Rome's averments are conclusory, see, e. g., *Morris v. Gavin, Inc.*, 268 Ga. App. 771, 772-773 (603 SE2d 1) (2004) (finding that testimony which amounted to an unsupported legal conclusion was without probative value), Rome's affidavit is quite fact specific, including as to how he repaid the loan. To the extent that Thomas flatly denies that

[2] We note that the factual record is not well developed and essentially consists of opposing affidavits. There are no depositions and there is no transcript of the hearing on motion for summary judgment.

7

the payments were made as alleged by Rome, this shows only that a material fact is in dispute.

Further, Thomas's averments reflect that there may have been more than one loan to Rome. Thomas denied the transfer of $250,000 to Polyidus on September 6, 2005, but with the proviso: "to satisfy the principal of the loan at issue in this case." And attached to Thomas's second affidavit is an account summary sheet for Polyidus with an entry designated "Wire from Wade Rome" in the amount of $250,000 on September 6, 2005, although, for some undetermined reason, the "$250,000" has a line drawn through it. Thomas denies the $11,500 payment "to Polyidus," but Rome averred that this payment was made to Thomas directly.

In his second affidavit, Thomas also attached a number of emails and documents which show that Rome acknowledged a debt to either Thomas or Polyidus, and that Rome made payments thereon even after Rome wired $250,000 to Polyidus on September 6, 2005. Notably, in a November 10, 2005, e-mail from Rome to Thomas, Rome references "the [$]250[,000] I still have," he indicates his intent to "pay it back," and he offers to make interest payments on the balance at a 10 percent annual rate. Thus, Polyidus points to evidence that Rome acknowledged a debt to either Polyidus or Thomas, but Polyidus does not show that that obligation is, without

8

genuine dispute, the same obligation for which Polyidus sought to recover in its complaint. And accepting Rome's averments as true, the loan which forms the basis of Polyidus's complaint was extended by Thomas, not Polyidus, and has been repaid in full. It follows that, inasmuch as genuine issues of material fact remain outstanding as to the terms of the loan extended on December 31, 2004, and whether that loan was satisfied, the trial court erred in granting summary judgment to Polyidus.

3. Rome also contends that the trial court erroneously granted Polyidus's motion for summary judgment because Polyidus failed to file its supporting affidavits and documents at the time of filing of its motion, and that the trial court nevertheless considered them over Rome's objection. In light of findings in Division 2, *supra*, this issue is moot.

*Judgment reversed. Miller and Ray, JJ., concur.*