**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 12, 2015**

# In the Court of Appeals of Georgia

A15A0580. SMITH et al. v. DILL'S BUILDERS, INC.

MILLER, Judge.

Dill's Builders, Inc. ("DBI") filed suit against Sharon T. Smith and Meiko A. Camp (collectively, "the Defendants") to collect the balance due on a contract to build a new home. The trial court granted summary judgment to DBI, finding that Smith's affidavit in response to DBI's motion was insufficient to establish genuine issues of material fact. The Defendants appeal, contending that (1) summary judgment was premature as to Camp because the trial court failed to resolve pending jurisdictional issues, and (2) summary judgment was not warranted because genuine issues of material fact remain as to whether DBI adequately performed under the contract. For the reasons that follow, we reverse and remand.

On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law.

(Citation omitted.) *Capital Color Printing v. Ahern*, 291 Ga. App. 101, 102 (661 SE2d 578) (2008).

Viewed in the Defendants' favor, the evidence shows that on January 21, 2006, Smith and her daughter, Camp, executed a written contract with DBI for the construction of a new house. In executing the contract, Smith and Camp approved the drawings and specifications prepared by DBI. The contract price was $167,795, and the contract provided that the house would be completed within six months of the start date. On the same date that the contract was executed, Smith signed a blank change order, which Smith alleged was later completed by DBI.

During construction, Smith complained to DBI about discrepancies between the plans and the usuable square footage of the house, as well as the workmanship of the construction. Following completion of the house in October 2006, Smith and DBI conducted a walk-through, and Smith noted several issues that needed to be fixed. DBI promised to have the problems repaired, but failed to do so. After Smith refused to pay the balance on the contract, DBI sent Smith a demand letter requesting

2

payment of $25,049 plus penalties and fees. DBI then filed a lien against the property and, later, this suit.

In their answer, the Defendants generally denied DBI's allegations and raised counterclaims for breach of contract, fraud, and slander of title, based on allegations that DBI did not meet contractual obligations in constructing the house, misrepresented the usable square footage of the house, and filed an invalid lien. In their answer, the Defendants also moved to dismiss the complaint against Camp based on insufficiency of process, alleging that Camp was not personally served with the summons, the summons against Camp was served on Smith, and Camp was not living with Smith at the time.

DBI subsequently moved for summary judgment. In support of its motion, DBI submitted affidavits stating that Smith approved change orders and allowed overages which increased the contract price of the house to $173,044, and that the Defendants failed to pay the final statement. DBI presented evidence showing that Smith approved DBI's construction drawings, the drawings made no representations about the usable space, and Smith understood that she should have the drawings reviewed by a professional architect or engineer before construction started.

3

In response, Smith submitted her own affidavit averring, inter alia, that DBI reduced the usable square footage of the house, she did not approve changes that increased the cost of the house, and DBI failed to fix issues with the house as contractually required. The trial court granted summary judgment to DBI, concluding that Smith's affidavit was insufficient to support the Defendants' general denials, affirmative defenses, and counterclaims.

1. The Defendants contend that the trial court prematurely granted summary judgment to DBI against Camp because it needed to first rule on the service and jurisdictional defenses raised in their answer. We agree.

> When the record reflects that a judgment was rendered by a [trial] court which has failed to address a properly preserved jurisdictional issue, this Court . . . will reverse the judgment and remand the case for consideration of the pending jurisdictional issue.

(Citation omitted.) *Rome v. Polyidus Partners LP*, 322 Ga. App. 175, 176 (1) (744 SE2d 363) (2013).

Here, Camp raised the defenses of insufficient service of process and lack of personal jurisdiction in her answer and reasserted these defenses in her response to DBI's motion for summary judgment. Consequently, Camp preserved these issues for adjudication. See *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 315-

4

316 (4) (724 SE2d 33) (2012). Compare *Rome*, supra, 322 Ga. App. at 176-177 (1) (lack of personal jurisdiction not preserved where defendant raised the issue in his answer but failed to reassert or reserve the defense in moving for summary judgment).

The trial court did not rule on Camp's service and personal jurisdiction defenses, either in its order granting summary judgment to DBI or otherwise. Therefore, the trial court's grant of summary judgment on the merits of DBI's claims against Camp was premature. See *Shropshire*, supra, 314. Ga. App. at 316 (4); *Baiye v. Gober*, 254 Ga. App. 288, 290 (2) (562 SE2d 249) (2002) (it was premature for the trial court to rule on the merits of the case without addressing the defendants' service and jurisdictional defenses). Accordingly, we reverse the grant of summary judgment against Camp and remand for the trial court to consider her service and jurisdictional defenses. See *Shropshire*, supra, 314. Ga. App. at 316 (4).

2. The Defendants also contend that the trial court erred in granting summary judgment to DBI against Smith because Smith's affidavit created genuine issues of material fact as to whether DBI adequately performed under the contract, and whether as a result, DBI was entitled to full payment under the contract. We agree.

"A party opposing a motion for summary judgment, where the moving party has presented evidence of the necessary certitude, must, in [her] opposing affidavits,

5

set forth specific facts showing a genuine issue to be decided." (Citations omitted.)

*Bogart v. Wisconsin Institute for Torah Study*, 321 Ga. App. 492, 495 (3) (739 SE2d 465) (2013). In order to be considered by the trial court, affidavits

> opposing summary judgment must be made on personal knowledge and must set forth such facts as would be admissible in the evidence. All hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment. A self-serving, conclusory affidavit not supported by fact or circumstances is insufficient to raise a genuine issue of material fact.

(Footnote omitted.) *Liles v. Innerwork, Inc.*, 279 Ga. App. 352, 353 (1) (631 SE2d 408) (2006).

Here, Smith averred that DBI agreed and was contractually obligated to fix the issues noted during the walk-through, and DBI failed to do so. In addition to her own statements, Smith cited the building contract at issue, which provides that, at the walk-through,

> [a]ll mutually agreed items shall be listed. The dollar value to be withheld by the Owner for each item shall be mutually agreed upon by the Owner and DBI. These amounts shall be [withheld] from the final payment, then shall be paid to DBI as soon as each individual item has been completed. The final payment, less the withheld amounts, shall be paid immediately and before items are completed.

Moreover, Smith averred that she did not approve the change orders completed by DBI. Whether Smith approved the change orders, and whether any amounts should

6

be withheld from the final payment due to unresolved building issues, are issues that would affect the amount due to DBI.

Since Smith was a party to the building contract and was present during the walk-through, her affidavit is based on personal knowledge. See *Ellison v. Hill*, 288 Ga. App. 415, 417 (1) (654 SE2d 158) (2007) ("The personal knowledge requirement set forth in OCGA § 9-11-56 (e) is met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the affiant, as opposed to being made upon information and belief.") (footnote omitted). Therefore, contrary to the trial court's ruling, Smith's affidavit was sufficient to establish the existence of genuine issues of material fact as to the final payment due to DBI. Consequently, we reverse the grant of summary judgment to DBI on its claims against Smith. Since the trial court also concluded that Smith's counterclaims failed because her affidavit was insufficient, the trial court also erred in granting summary judgment to DBI on Smith's counterclaims. Accordingly, we reverse.

*Judgment reversed and remanded. Andrews, P. J., and Branch, J., concur*.